[No. B014684. Second Dist., Div. Five. Mar. 11, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL LAWRENCE KEELE, Defendant and Appellant.

702

---

COUNSEL

Stephen D. Miller, David G. Meyer, Bryan D. Daly and Barry L. Friedman for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Carol Wendelin Pollack and Christine C. Franklin, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FEINERMAN, P. J.**—Defendant, Michael Lawrence Keele, was charged by felony complaint with five counts of grand theft (Pen. Code, § 487, subd. 1) and four counts of violating Corporations Code section 25540. Pursuant to a plea bargain, he waived a preliminary hearing, pleaded no contest in municipal court to the grand theft charges (counts I, III, V, VII, and VIII), and admitted a special allegation (Pen. Code, § 12022.6, subd. (a)) that as to count I, the amount taken exceeded $25,000. As part of the plea bargain, the People agreed to drop the remaining charges and not to prosecute him for any other real estate or real estate related crimes alleged to have been committed prior to the date of the plea. It was further agreed that defendant would receive a maximum sentence of no more than 28 months in prison, but that the People would not object to his serving the time in county jail on work furlough. Defendant was advised that he might receive a total of five years' probation.

On April 9, 1985, defendant appeared for sentencing in superior court. In addition to the probation report submitted for the court's consideration, numerous letters had been submitted to the court by the victims of the charged offenses, by others claiming to be victims of uncharged offenses and by character references supportive of defendant. Defendant had also submitted a privately obtained sentencing report (Pen. Code, § 1203.4) described by the court as "an enormous bound volume . . . ."[1] The court was addressed orally by one of the victims of the instant offenses, a Dana Alvi (Alvi), and by other individuals who claimed to have been defrauded by defendant in matters which were uncharged. All of them sought restitution. Alvi claimed that she had a written acknowledgment from defendant that he owed her $87,500, but that in fact her damages exceeded that and included loss of her home and compensation for emotional distress.

The court repeatedly explained that its powers to order restitution were limited to the offenses of which defendant stood convicted. The court asked defense counsel how much money, in actual out-of-pocket expenses, was owed to the victims of the charged offenses. Defendant's criminal counsel stated that he had no idea. Defendant's civil counsel, who was representing

---

[1] This report has not been made part of the record on appeal.

him in pending civil litigation, addressed the court and claimed that defendant owed $15,000 to Alvi and $15,000 to a Rosebel Epstein, the victim of count VII. The court asked what it was supposed to do about the victims' assertions that defendant's offers of restitution were insufficient. The civil counsel made no direct response to this inquiry. Instead, he asserted that defendant had already paid back "hundreds of thousands of dollars" since his arrest and that the key to further restitution was time and patience. Counsel asserted that it would take from a year to five years for defendant to make full restitution. Counsel also asserted that defendant had paid back four of the five victims in the charged offenses.[2]

In urging that defendant not be sentenced to state prison, criminal counsel cited defendant's admission of wrong doing and his willingness to pay back the money he had taken. Counsel also noted that the privately prepared sentencing report, which defendant had submitted, recommended that he be made to pay restitution and that a monitoring committee be set up, composed of people acceptable to the court and to the probation officer, who would insure that restitution was made. Counsel further represented to the court that responsible people had volunteered to serve on such a committee, including former investors, lawyers, teachers and business people. Counsel asked that the court impose a state prison sentence, that sentence be suspended, that defendant be placed on probation and that restitution be made a condition of probation. He also urged that defendant be permitted to serve any time imposed as a condition of probation in a private residential treatment center, the cost of which defendant would personally pay.

The court imposed and suspended a state prison sentence on counts I, III and V.[3] It suspended proceedings without imposing sentence on counts VII and VIII. The remaining counts (II, IV, VI and IX) were dismissed. Defendant was placed on probation on condition that he serve 24 months in county jail, with work furlough recommended. With respect to restitution, the court made the following pronouncement: "In addition to that, he will make restitution to the victims of the five theft counts contained in this complaint, plus a two percent charge for costs of collection. [¶] The amount of restitution to be fixed by the probation officer. [¶] I'm not going to spend six months trying all these civil suits, nor would I expect anybody else to, in the guise of trying to figure out what satisfies the legitimate claims of the criminal law against him."

---

[2]No attempt was made to reconcile this assertion with the representation that money was still owed to both Alvi and Epstein.

[3]The sentence imposed on April 9, 1985, exceeded the terms of the plea bargain, both as to the length of the sentence and the length of time on probation. On May 22, 1985, pursuant to Penal Code section 1170, subdivision (d), the court corrected the sentence, as will be described *infra*.

The court further directed: "Also, if there are any civil judgments against him arising out of the five counts charging him in this complaint with grand theft, he will pay those civil judgments upon their becoming final. That is, if there are civil judgments beyond the amount of restitution fixed by the probation officer."

Defendant was asked if he understood each and every one of the conditions of probation. He said, "Yes." He was then asked if he accepted each and every one of them, whereupon his counsel interposed: "Your Honor, before Mr. Keele accepts them, I understand what the court has just imposed. [¶] I would really ask the court's consideration with respect to the 24 months in the county jail." Counsel attempted to argue in favor of defendant's serving his time on probation at the private residential treatment center. The court rejected the argument. No objection was raised about the manner of determining the amount of restitution or about the condition calling for satisfaction of civil judgments.

On May 22, 1985, defendant returned to court for resentencing.[4] He was sentenced to state prison for the low base term of 16 months on count I, plus a one-year enhancement (Pen. Code, § 12022.6, subd. (a), for a total of 28 months. On counts III and V he was also sentenced to the low base term of 16 months, the sentences to run concurrently with that imposed on count I. The sentences were ordered suspended. Defendant was placed on probation for a total of five years, on the previously announced conditions, except that the time he was to serve in county jail as a condition of probation was reduced to one year, with credit for 32 days already served.[5]

Defendant raised no objection at the time of resentencing to the manner in which restitution was to be determined or administered. He did not object to the condition regarding satisfaction of civil judgments either.

On appeal defendant contends: (1) that the trial court improperly delegated the task of determining the amount of restitution to the probation officer; and (2) that the order directing payment of any civil judgments exceeded the court's jurisdiction.

■ For many years, courts routinely directed that defendants pay restitution in an amount and manner to be determined by the probation officer. (See, e.g., *People* v. *Williams* (1966) 247 Cal.App.2d 394 [55 Cal.Rptr.

---

[4]See footnote 3, *ante*.

[5]A clerical correction was made in the minute order for May 22, 1985, as to the condition requiring payment of civil judgments to bring it into conformity with the order actually made by the trial court on April 9, 1985.

550]; *People* v. *Collins* (1966) 242 Cal.App.2d 626 [51 Cal.Rptr. 604].) In *People* v. *Cervantes* (1984) 154 Cal.App.3d 353 [201 Cal.Rptr. 187], however, the court held that an unlimited delegation of discretion to the probation officer to determine the propriety, amount and manner of restitution was not authorized by statute. Similarly, in *People* v. *Hartley* (1984) 163 Cal.App.3d 126 [209 Cal.Rptr. 131], it was held that the defendant was entitled to a hearing on his ability to pay restitution and the appropriate amount of restitution. Nevertheless, the facts of the instant case differ so markedly from those in *Cervantes, supra,* and *Hartley, supra,* that we cannot treat those cases as controlling here.

In the first place, the trial court herein did not abdicate or delegate its responsibility with respect to determining whether or not restitution was appropriate. In deciding that restitution was required, the court fulfilled its mandate under Penal Code section 1203.1.[6] Secondly, defendant herein did not dispute the fact that restitution was proper. Rather, through counsel, he acknowledged that it was, and expressed a willingness to pay it. Moreover, not only the probation report, but defendant's privately obtained sentencing report called for payment of restitution. Thus, there is no issue as to the appropriateness of restitution.

With respect to the amount and manner of payment, defendant, unlike Messrs. Cervantes and Hartley, had a lengthy hearing. (*People* v. *Clark* (1982) 130 Cal.App.3d 371, 386 [181 Cal.Rptr. 682].) At the hearing, defense counsel shed little light on what an appropriate amount or manner of restitution would be. Clearly, what emerged from the hearing was that the financial dealings which led to the instant charges presented a complex and tangled web which was in the process of attempted resolution through civil litigation. When the court eschewed any effort to resolve defendant's civil liabilities, it simply followed the Supreme Court's caveat in *People* v. *Richards* (1976) 17 Cal.3d 614 [131 Cal.Rptr. 537, 552 P.2d 97] that the criminal court is not the arena in which to resolve civil disputes.

We also note that defendant not only failed to urge that an amount of restitution be fixed by the court, but that his counsel also stated that a time span of from one to five years would be necessary to make restitution. Thus, a reference to the probation officer to devise an extended mode of payment was to defendant's advantage. (*People* v. *Collins, supra,* 242 Cal.App.2d 626, 640.) While defendant would have preferred that a private committee monitor restitution, his failure to object when the court directed that the

---

[6]The statute does not expressly require the court to determine the *amount* of restitution, a factor which appears to have been overlooked by the court in *People* v. *Cervantes, supra,* 154 Cal.App.3d 353.

probation officer determine the time and manner of payment, viewed in the context of the particular facts of this case, must be regarded as tacit acquiescence. (*People* v. *Miller* (1967) 256 Cal.App.2d 348, 356 [64 Cal.Rptr. 20].)

■ It is not necessary for a defendant to reject probation as a prerequisite to challenging the validity of a condition of probation. (*In re Bushman* (1970) 1 Cal.3d 767, 776 [83 Cal.Rptr. 375, 463 P.2d 727].) Here, however, the validity of a condition of probation is not in issue; the defendant merely disputes the mechanics of implementing the condition. Defendant had the opportunity of raising the arguments he now makes both at the original sentencing hearing and at the modification hearing, but he failed to do so.

Defendant argues that it "would place an onerous burden on the defendant and would only serve to increase the court time needed to complete the sentencing process . . ." to require him to object at the time of sentencing to a referral of restitution matters to the probation officer. The argument is lacking in merit. Obviously, it is the relief defendant seeks, to wit, resolution of restitution matters by the trial court, which would increase the court time needed for sentencing. The requirement that a defendant *request* the trial court to undertake such a resolution would not increase the burdens on that court, and is, of course, far less costly of judicial resources than the time consuming appeal defendant has opted for.[7]

Under the circumstances existent in the case at bench, defendant has waived his right to complain, on this appeal, about the initial referral of the matter of restitution to the probation officer. The trial court, of course, retains jurisdiction to review the probation officer's determinations as to amounts and manner of restitution (*People* v. *Hyatt* (1971) 18 Cal.App.3d 618, 626-627 [96 Cal.Rptr. 156]), as well as the power to modify the conditions of probation. (Pen. Code, § 1203.1.) Should defendant have factual grounds to dispute the actual amounts of restitution and manner of restitution which the probation officer determines to be appropriate, he may do so in the trial court via a petition to modify the conditions of probation.[8]

■ Defendant's second contention on appeal is that the order directing him to pay any civil judgments arising out of the present charges exceeds

---

[7]In both *People* v. *Cervantes, supra,* 154 Cal.App.3d 353, and *People* v. *Hartley, supra,* 163 Cal.App.3d 126, the defendants had raised in the trial court the issues they pursued on appeal.

[8]Despite the passage of time since the trial court's order, defendant has not contended on appeal that the probation officer has directed him to make any payments which he considers excessive or inappropriate.

the court's authority. He relies on *People* v. *Richards, supra,* 17 Cal.3d 614. Here, again, his reliance is misplaced. *Richards* held that it was inappropriate to order a defendant to pay restitution in matters in which he had been acquitted. In the present case, the court carefully avoided requiring restitution to victims of uncharged offenses. The trial judge herein also avoided the second pitfall of *Richards* by refraining from attempting to adjudicate civil liability and leaving such adjudication to the civil courts.

■   Defendant complains that Alvi's lawsuit sought damages for emotional distress and punitive damages. He asserts that any such claims exceed the legitimate parameters of restitution. Penal Code section 1203.1 expressly provides that reparations may be required for any injury done to the victim of defendant's criminal conduct. (*People* v. *Richards, supra,* 17 Cal.3d 614, 619; see also, *People* v. *Clark, supra,* 130 Cal.App.3d 371.) Defendant's specific complaint is at best premature, however, and potentially moot, as he has advised the court in his reply brief that Alvi's civil complaint against him has been dismissed. Should that complaint ever be reinstated and result in a judgment against defendant that he believes exceeds the legitimate bounds of restitution, that issue, too, may be litigated in the trial court via a petition for modification of probation.

The judgment is affirmed.

Ashby, J., and Eagleson, J., concurred.