[No. A039435. First Dist., Div. Three. July 28, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS RYAN, Defendant and Appellant.

190

**COUNSEL**

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Morris Beatus and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WHITE, P. J.**—Defendant and appellant Thomas Ryan appeals from the judgment (order granting probation) of the Superior Court of Marin County entered after he pled guilty to two counts of burglary. (Pen. Code, § 459.) Imposition of sentence was suspended and appellant was placed on probation for three years on several conditions including that he (1) complete a residential drug treatment program, (2) make restitution to the victim in the amount of $8,045, and (3) pay a restitution fine of $8,000. The condition that he pay a restitution fine of $8,000 was stayed with the stay to become permanent upon successful completion of probation. Appellant contends on appeal that the trial court "erred and abused its discretion . . . in ordering appellant to pay restitution to the victim in the absence of any evidence or determination of his income or ability to pay." Appellant is precluded from raising such an issue for the following reasons: (1) it was his counsel who stated that appellant was ready to make full restitution to the victim in the amount of which he was responsible; (2) counsel for appellant disputed some of the sums (approximately $555 out of the restitution claim for $8,075) that were considered to be attributable to the burglaries and stated that a restitution hearing would be necessary *only* in regards to a determination of whether he should be required to make restitution for the disputed

sums; and (3) counsel for appellant further stated that appellant could comply with the conditions of probation which included full restitution.

At the sentencing hearing, counsel for appellant asked the court to consider as a condition in mitigation that appellant "is ready to make full restitution to the victims for these offenses . . . ." Whereupon the trial court asked counsel for appellant: "Do you mean full restitution? You said earlier that you don't agree with the figures." Counsel for appellant again stated that he meant "full restitution that [appellant] is responsible for if a hearing is necessary. The amounts that were taken in connection with the two burglaries or if he damaged property during the commission of these burglaries then I think he would be responsible for those amounts."

The victim submitted a restitution claim in the amount of $8,075.[1] Said sum (according to the victim) represented $7,500 in cash that was taken during the two burglaries, $375 for damage to personal property ($250 for broken equipment and $125 for an antique box that was broken), $20 for two bottles of liquor and $180 for two days loss of work for court appearances.

During a discussion between the trial court and counsel regarding the placement of appellant on probation, defense counsel made the following statements: He did not think his client should be responsible for the wages the victim lost on account of her appearances in court.[2] In regard to the restitution claim submitted by the victim, counsel stated the following regarding any disputed amount (other than lost wages) and full restitution: "Your Honor, the $250 for broken equipment and $125 for an antique box which was allegedly broken, I have never seen or heard any information about that prior to this probation report. That was not indicated in any of the police reports or testified to by the victim at the preliminary hearing so I'm just indicating that we are not necessarily disputing that but some further investigation would be necessary to see if Mr. Ryan is responsible for those amounts *but whatever the amount of restitution is determined to be either informally or through the court, Mr. Ryan is willing to make full restitution*." (Italics added.) Counsel for appellant stated that appellant "can comply with the terms of probation . . . ." (One of the conditions of

---

[1] The trial court ordered appellant to make restitution in the amount of $8,045. The $30 difference between the amount claimed and the amount ordered is explained by the fact that the trial court disagreed with the victim's calculation of the amount of money necessary to compensate her for loss of wages due to court appearances.

[2] In appellant's notice of appeal the only issue that appellant stated he was going to raise on appeal is "[t]he appropriateness of the Court's granting restitution to the victim as a condition of the Defendant's probation for lost wages for time spent attending Court hearings." (Pen. Code, § 1240.1.)

probation recommended by the probation officer was that appellant make restitution in the amount of $8,045.)

Immediately after defense counsel completed making his bid for granting appellant probation, the trial court asked appellant if he wished to say anything. Appellant made a plea for probation without commenting on the issue of restitution. However, in appellant's statement that is attached to the probation report prepared prior to sentencing, appellant set out what he considered to be an appropriate sentence and appellant included in his statement of an appropriate sentence "full retribution of the stolen money to the owner."

Following appellant's statements in open court concerning probation, the trial court conducted a restitution hearing at which the victim testified regarding the amount of money she lost on account of the two burglaries including damage to property, lost wages and stolen cash. After the victim testified, the court asked defense counsel if he had any evidence he wanted to present on the issue of restitution. Counsel stated that he had not anticipated a restitution hearing and therefore had no evidence to present.

Penal Code section 1203.04 provides that the trial court "*shall* require, as a condition of probation, that the person make restitution" to the victim or the Restitution Fund unless "the court finds, . . . on the record, that there are compelling and extraordinary reasons why restitution should not be required . . . ." (Pen. Code, § 1203.04, subds. (a), (b).) Restitution is defined as "full or partial payment for the value of stolen or damaged property, medical expenses, and wages or profits lost due to injury or to time spent as a witness or in assisting the police or prosecution, which losses were caused by the defendant as a result of committing the crime for which he or she was convicted." (Pen. Code, § 1203.04, subd. (d).) Penal Code section 1203.1 also provides that when the court suspends imposition of sentence and grants probation, it shall in imposing conditions of probation provide for restitution in proper cases.

There is no statutory requirement of a finding that the defendant has the ability to pay the amount of restitution required as a condition of probation. Nor is there any statutory provision for a hearing on a defendant's ability to pay restitution. Penal Code section 1203.2, subdivision (a), does state that "[r]estitution shall be consistent with a person's ability to pay." The lack of any statutory provision for a hearing and finding on restitution should be contrasted to Penal Code sections 1203.1b, subdivision (a) ("In any case in which a defendant is convicted of an offense and granted probation, the court may, after a *hearing,* make a *determination* of the ability of the defendant to pay all or a portion of the reasonable cost of

probation and of conducting the presentence investigation and preparing the presentence report made pursuant to section 1203."), 1203.1c, subdivision (a) ("In any case in which a defendant is convicted of an offense and is ordered to serve a period of confinement in a county jail, city jail, or other local detention facility as a term of probation or a conditional sentence, the court may, after a *hearing,* make a *determination* of the ability of the defendant to pay all or a portion of the reasonable costs of such incarceration, including incarceration pending disposition of the case."), 1203.1e (same type of provision with regard to the cost of parole supervision), and 987.8 (a similar provision with regard to the cost of legal counsel). Penal Code section 1203.1f provides if "practicable, the court shall consolidate the ability to pay determination hearings authorized pursuant to Sections 987.8, 1203.1b, 1203.1c, and 1203.1e into one proceeding, and the determination of ability to pay made at the consolidated hearing may be used for all purposes relating to these listed sections."

■ The right of a victim to restitution from the person convicted of a crime from which the victim suffers a loss became a constitutional right when Proposition Eight was enacted. That constitutional right is not predicated on the defendant's ability to pay. "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary." (Cal. Const., art. I, § 28, subd. (b).) The provision of Proposition Eight providing for direct payment of restitution to the victim is not self-executing and requires action by the Legislature.[3] (*People* v. *Vega-Hernandez* (1986) 179 Cal.App.3d 1084 [225 Cal.Rptr. 209].) "[S]ection 28(b) does not identify the 'compelling and extraordinary reasons' which may justify the denial of restitution. The Legislature may therefore determine, for example, that the indigency of the convicted person, the fact that he or she will be required to serve a lengthy prison term, or other factors may excuse the duty to make restitution to the victim. [Fn. omitted.]" (*Id.,* at p. 1097.) The Legislature has not set out factors that may be considered in determining if compelling and extraordinary reasons exist for not imposing restitution, and Penal Code section 1203.04 has merely reiterated the language set out in Proposition Eight ("If the court finds, and states its reasons for the finding on the record, that there are *compelling and extraordinary* reasons why restitution should not be required as provided in subdivision (a), . . ."). (Italics added.) However,

---

[3]The statutory provisions referred to herein only provide for restitution as a condition of probation. The constitutional provision provides for restitution in *every* case in which the crime victim has suffered a loss without regard to the convicted person's sentence.

in 1983 when the Legislature amended section 1203.04, it also amended Penal Code section 1203.2 to add "However, probation shall not be revoked for failure of a person to make restitution pursuant to Section 1203.04 as a condition of probation unless the court determines that the defendant has willfully failed to pay and has the ability to pay. Restitution shall be consistent with a person's ability to pay." In the act amending sections 1203.04 and 1203.2 the Legislature specifically stated: "This act is part of the Crime Victim Restitution Program of 1983, in that it assists crime victims in obtaining restitution by requiring convicted criminals who are granted probation to pay restitution to the victim, or if the crime did not involve a victim, to make payments into the Restitution Fund." (Stats. 1983, ch. 568, §§ 1-4, pp. 2434-2437.) Since section 1203.2 was amended and considered with section 1203.04 in 1983 as part of the Crime Victim Restitution Program of 1983, the language of section 1203.2 that restitution shall be consistent with a person's ability to pay, applies to all provisions of the Penal Code providing for direct restitution to the victim. (*People* v. *Vega-Hernandez, supra,* 179 Cal.App.3d 1084, 1090-1091; *Wood* v. *McGovern* (1985) 167 Cal.App.3d 772, 774-775 [213 Cal.Rptr. 498].)

 The only issue on appeal is whether the trial court abused its discretion in ordering appellant to pay restitution in the amount of $8,045 as a condition of probation in the absence of any evidence or determination of appellant's ability to pay. An order of restitution as a condition of probation meets the requirements of due process if the defendant is afforded an opportunity to present evidence on his ability to pay as well as on the extent of the loss occasioned by his criminal conduct. (*People* v. *Baumann* (1985) 176 Cal.App.3d 67, 79 [222 Cal.Rptr. 32]; *People* v. *Cervantes* (1984) 154 Cal.App.3d 353, 358 [201 Cal.Rptr. 187].)[4] "While a defendant is enti-

---

[4] In *People* v. *Cervantes, supra,* 154 Cal.App.3d 353, the appellate court held that the sentencing court may not place the matter of restitution solely within the discretion of the probation officer. In response to this case, in 1987 the Legislature adopted Penal Code section 1203.1k. (See Stats. 1987, ch. 890, No. 4 Deering's Adv. Legis. Service, p. 2876-2877, No. 9 West's Cal. Legis. Service, pp. 640-641.) Although Penal Code section 1203.1k was not in effect at the time the conditions of probation were imposed in the instant case, said section is pertinent to the matter in which restitution will be imposed as a condition of probation in the future. Penal Code section 1203.1k provides: "For any order of restitution made under Section 1203.1, the court may order the specific amount of restitution and the manner in which restitution shall be made to a victim based on the probation officer's report or it may, with the consent of the defendant, order the probation officer to set the amount of restitution and the manner in which restitution shall be made to the victim. The defendant shall have the right to a hearing before the judge to dispute the determinations made by the probation officer in regard to the amount or manner in which restitution is to be made to the victim. If the court orders restitution to be made to the Restitution Fund, the court, and not the probation officer, shall determine the amount and the manner in which restitution is to be made to the Restitution Fund." Appellant does not attack the part of his condition of probation that he make restitution to the victim "at a rate and schedule as directed by the probation officer." Penal

tled to have a court inquire into and determine his ability to pay restitution [citation], we have discovered no case which holds there is a requirement that the court make an express finding of the ability to pay." (*People* v. *Vournazos* (1988) 198 Cal.App.3d 948, 957 [244 Cal.Rptr. 82].) Clearly, as analyzed above there is no statutory requirement that the court make an express finding of the ability to pay. Even *Baumann* and *Cervantes,* which held that a defendant was entitled to present evidence on the issue of restitution, recognized that the trial court could properly base its sentencing decision, including restitution, upon the report of the probation officer which shall contain recommendations regarding restitution. (*People* v. *Baumann, supra,* at p. 81; *People* v. *Cervantes, supra,* at p. 358.) As long as a defendant is given an opportunity to respond to any of the matters in the probation report regarding restitution which he disputes, *Cervantes* and *Baumann* appear in agreement that due process is met and there is no improper delegation of the authority to set the amount of restitution to the probation officer. (*People* v. *Baumann, supra,* at pp. 81-82; *People* v. *Cervantes, supra,* at p. 358.)

 Appellant in the instant case had ample opportunity to present evidence regarding his ability to pay the amount of restitution. However, at every opportunity counsel for appellant stated that full restitution was an appropriate condition of probation and that appellant could comply with the conditions of probation. Appellant himself stated that an appropriate sentence would be "full retribution of the stolen money to the owner." Most of the amount appellant was to make restitution as a condition of probation was the actual amount of cash taken in the burglaries ($7,500 out of $8,045). Defense counsel at the restitution hearing had an opportunity to contest whether any amount over the actual cash stolen should be included in the amount of restitution that appellant was required to make as a condition of probation. And from the above quoted statements of defense counsel in regard to restitution, it is clear that defense counsel wanted proof that the amount over the cash taken was actually attributable to appellant's commission of the offenses. However, defense counsel stated whatever the court determined was the correct sum to provide the victim with full restitution, appellant was willing to pay.

The following language from *People* v. *Keele* (1986) 178 Cal.App.3d 701, 707 [224 Cal.Rptr. 32], is applicable to the instant case wherein the trial court left the amount of restitution and the manner of payment to the probation officer: "[D]efendant herein did not dispute the fact that restitution was proper. Rather, through counsel, he acknowledged that it was, and

---

Code section 1203.1k was enacted to increase the involvement of local probation officers in the existing restitution program.

expressed a willingness to pay it. Moreover, not only the probation report, but defendant's privately obtained sentencing report called for payment of restitution. Thus, there is no issue as to the appropriateness of restitution." Appellant attempts to distinguish *Keele* by stating: "In the present case, appellant, as in *People* v. *Keele* (1986) 178 Cal.App.3d 701 [224 Cal.Rptr. 32], acknowledged that restitution was proper, and he expressed a willingness to pay it. However, no hearing was held and no evidence was taken in respect to appellant's income or *ability* to pay the full amount of the restitution. While there was no issue as to the appropriateness of restitution, there was nothing in the record to support any finding that appellant had the ability to pay the amount ultimately awarded during the period of his probation." (Italics in original.) This quoted statement from appellant's opening brief ignores the fact that not only did appellant acknowledge that restitution was proper but that *full* restitution was appropriate in this case. Thus, under the reasoning of *Keele* there is no issue as to the appropriateness of restitution nor the amount of restitution.[5] If there is no issue as to the appropriateness of the amount of restitution, appellant cannot claim any error for failure to find that he had the ability to pay and for the failure to introduce evidence which would support such a finding.

Appellant cannot raise the issue that a finding on his ability to pay was required in the instant case because he has waived any right he may have had to such a finding and because his actions in the trial court satisfied the requirement that a finding be made that he had the ability to pay.

Appellant in *Keele* contended that the trial court improperly delegated the task of determining the amount of restitution to the probation officer. The court in *Keele* said the defendant had waived the right to raise the issue on appeal since he had ample opportunity to raise the same contention in the trial court. Appellant in the instant case also had ample opportunities to raise the contention he makes in this appeal in the trial court, but he failed to do so. (*People* v. *Keele, supra,* 178 Cal.App.3d at p. 708, fn. 7; see also *In re Frankie J.* (1988) 198 Cal.App.3d 1149, 1154 [244 Cal.Rptr. 254].) At the sentencing hearing, appellant's counsel argued that a circumstance in mitigation was that appellant was ready to make full restitution to the victim. Appellant should not be permitted to argue in the trial court that a mitigating factor is appellant's willingness to make full restitution and then

---

[5] Appellant does not contend on appeal that the amount of restitution that the trial court ordered appellant to pay as a condition of probation does not represent the losses that were caused by appellant as a result of committing the crimes for which he was convicted. (Pen. Code, § 1203.04, subd. (d).) Appellant has abandoned his claim that the amount of restitution should not include any compensation to the victim for lost wages on account of court appearances. Such a claim would be found to be without merit. Penal Code section 1203.04 specifically provides that restitution means full payment for the losses caused by the defendant including lost wages due to time spent as a witness.

assert on appeal that full restitution as a condition of probation was an abuse of discretion without a finding of ability to pay and evidence to support such finding. Appellant cannot have his cake and eat it too.

The court in *Keele* further stated that the appellate court was not the appropriate place to consider the appellant's contentions. "The trial court, of course, retains jurisdiction to review the probation officer's determinations as to amounts and manner of restitution [citation], as well as the power to modify the conditions of probation. (Pen. Code, § 1203.1.) Should defendant have factual grounds to dispute the actual amounts of restitution and manner of restitution which the probation officer determines to be appropriate, he may do so in the trial court via a petition to modify the conditions of probation. [Fn. omitted.]" (178 Cal.App.3d at p. 708.)

In the instant case appellant was directed to make restitution to the victim in the amount of $8,045, but at a rate and schedule determined by the probation officer. Having the probation officer set the schedule and rate for appellant's payment of restitution was to appellant's benefit. Appellant does not contend in this appeal that it was error to have the probation officer set the rate and schedule of payment of the restitution. A probation officer should know the amount that a person under his supervision has the ability to pay at any particular time and the probation officer can set the schedule and rate accordingly. This allows flexibility that would not be present if the court ordered a defendant to, pay a certain amount each month. If the probation officer does not consider the defendant's ability to pay, the defendant may move to modify the conditions of probation. (Pen. Code, § 1203.2, subd. (b).)

Thus, although appellant had ample opportunity to request the trial court to determine his ability to pay restitution, he can be said to have attested to his ability to pay by his repeated statements that it would be appropriate to require him to make full restitution as a condition of probation. Appellant went further than suggesting that it would be appropriate to require him to make full restitution; both appellant and his counsel stated that he was *ready* to make full restitution. Any duty that a trial court may have to make a finding that the defendant has the ability to pay restitution is satisfied when a defendant states or otherwise indicates in an affirmative manner that he or she has the ability to pay. Nor is a trial court required to conduct a hearing on a defendant's ability to pay restitution if the defendant states that he is ready to make full restitution and does not request a hearing on his ability to pay.

Thus, the trial court did not err in imposing as a condition of probation that appellant make full restitution without a hearing and finding on the

ability of appellant to pay restitution, since appellant in effect conceded that he had the ability to pay and was not denied the opportunity to present evidence on his ability to pay.

The conclusion that appellant admitted he had the ability to pay which thereby relieved the court of making such a finding is consistent with the law concerning the matters which a criminal defendant may admit without the introduction of any evidence to prove the matter admitted. (See *People* v. *Jackson* (1985) 37 Cal.3d 826, 836 [210 Cal.Rptr. 623, 694 P.2d 736] [*People* v. *Guerrero* (1988) 44 Cal.3d 343 (243 Cal.Rptr. 688, 748 P.2d 1150), discusses *Jackson* in regard to the holding in *Guerrero* that in determining the truth of a prior-conviction allegation, the trier of fact may look to the entire record of the conviction. The holding in *Guerrero* does not affect the legal principle for which *Jackson* is cited in this case.].)

Appellant also asserts that a failure to base restitution on ability to pay can result in denial of the constitutional right to equal protection of the law. In making this contention appellant states: "When ability to pay is not taken into consideration, a restitution order made to a wealthy defendant permits that defendant to escape incarceration upon payment of money; a condition well within his means to comply. A similar condition imposed on a defendant who lacks financial ability to comply forces the defendant inveitably [*sic*] to violate probation, thereby resulting in his incarceration contrary to the constitutional guaranty of equal protection of the law."
█ Appellant's argument is without merit for the simple reason probation may not be revoked for failure to make restitution "unless the court determines that the defendant has willfully failed to pay and has the ability to pay." (Pen. Code, § 1203.2, subd. (a).) This provision of Penal Code section 1203.2, subdivision (a), not only protects someone whose ability to pay was not considered at the time restitution was made a condition of probation, but a person who had the ability to pay at the time the condition was imposed but due to factors beyond his or her control is at some later time unable to comply with the condition of probation that he make restitution. Thus, although a condition of probation may be imposed that the defendant make restitution without an express finding of ability to pay, probation may not be revoked without such a finding. The period of probation may not be extended for failure to make full restitution to the victim unless said failure is willful and the defendant has the ability to pay. The amount of the restitution which is unpaid at end of the defendant's probationary period may be enforced in the same manner as a civil action. (Pen. Code, § 1203, subd. (j).) Therefore, a defendant will not be incarcerated for failure to make restitution pursuant to a condition of probation when he does not have the financial ability to comply with such a condition of probation.

The judgment (order granting probation) is affirmed.

Barry-Deal, J., and Merrill, J., concurred.