Opinion
CARR, J.
After a jury convicted defendant of writing checks with insufficient funds (Pen. Code, § 476a, subd. (a)), the trial court suspended *218 imposition of sentence and granted her probation. Among the terms of defendant’s probation were a reporting requirement, payment of restitution and a prohibition against defendant maintaining a checking account.
A petition for revocation of probation was filed which alleged defendant had failed to report regularly and to pay restitution. Following the hearing, the court found the allegations of the petition true and further determined that defendant had violated the checking account prohibition. The court revoked probation and sentenced defendant to state prison for the middle term of two years.
On appeal, defendant contends: (1) the probation revocation was an abuse of discretion as the court made no findings of defendant’s ability to pay and considered no alternatives to prison; (2) the trial court erroneously permitted amendment of the revocation petition;[1] (3) there was insufficient evidence to support the finding defendant violated the checking account prohibition; and (4) the court erred in failing to state reasons for denying probation and imposing a prison sentence. We agree the trial court abused its discretion in failing to determine defendant’s ability to pay restitution and we shall reverse the judgment.
Facts
At the revocation of probation hearing, defendant’s probation officer testified defendant had failed to report since November 1988 and had made only three partial restitution payments totaling $85 during her probationary period. Defendant testified her $673 monthly supplemental Social Security (SSI) check was deposited in a joint checking account she shared with her boyfriend. Although her name was on the checks, and she did not write any checks, defendant had a bank card with which she withdrew funds from the account. The court granted the prosecution’s motion to amend the petition to allege a violation of the prohibition against possession of a checking account by defendant.
Defendant is legally blind and suffers from emphysema and a heart condition. According to the supplemental probation report, she owes $5,400 in various debts. Her current balance of restitution payments owing is $637.
Defendant testified her boyfriend had taken her money. She claimed she had attempted to contact the probation officer but could not report personally because she was unable to drive and had to rely on others for transportation. *219 In the past, when she lived in another county, defendant had been permitted to report to her probation officer by mail. Defendant could not remember whether she had sent in one particular report, and testified she later ran out of the report forms, but did not request additional forms.
Discussion
I
Asserting the court failed to make an express finding that defendant had the ability to pay restitution as required by Penal Code section 1203.2,[2] or to consider alternatives to prison, defendant urges revocation was an abuse of the court’s discretion. This contention has merit.
Revocation of probation lies within the broad discretion of the trial court. (People v. Angus (1980) 114 Cal.App.3d 973, 987 [171 Cal.Rptr. 5].) Absent abuse of that discretion, an appellate court will not disturb the trial court’s findings. (Id. at pp. 987-988.) Section 1203.2, subdivision (a) provides in relevant part: “. . . [Probation shall not be revoked for failure of a person to make restitution ... as a condition of probation unless the court determines that the defendant has willfully failed to pay and has the ability to pay. Restitution shall be consistent with a person’s ability to pay.” (Italics added.)
The Attorney General urges the evidence presented at the revocation hearing established defendant’s ability to pay restitution. On her monthly disability income of $637, defendant was required to make a $60 restitution payment every month. But defendant had other outstanding debts totaling $5,400 as well as the necessity of providing food, shelter, clothing and other essentials for herself. Defendant urges that under these circumstances section 1203.2 compelled the trial court to examine her situation and make express findings concerning any willful failure to pay and particularly her ability to pay.
We are aware of no reported decision holding the trial court must expressly find that a probationer has the ability to pay restitution before probation may be revoked for failure to make restitution. In People v. Ryan (1988) 203 Cal.App.3d 189 [249 Cal.Rptr. 750], the only decision to discuss the issue, the court in dictum found such a requirement. Noting the absence of any statutory requirement for a finding of ability to pay restitution imposed as a condition of probation, the court rejected the defendant’s contention that the trial court abused its discretion in ordering him to pay *220 restitution without determining his ability to pay. (Id. at pp. 193, 198-199.) Moreover, the defendant had the opportunity to present evidence on his ability to pay, and had stated he could comply with restitution as a condition of probation. (Id. at pp. 196, 199.)
In rejecting the defendant’s claim that the failure to base restitution on ability to pay may result in denial of equal protection, the court pointed to the provision contained in section 1203.2 requiring judicial determination of ability to pay before the court may revoke probation. (203 Cal.App.3d at p. 199.) The court stated: “Thus, although a condition of probation may be imposed that the defendant make restitution without an express finding of ability to pay, probation may not be revoked without such a finding.” (Ibid.)
By its language, section 1203.2 does not direct the trial court to make express findings of willful failure to pay and ability to pay. But it requires the court to make such a determination. In construing the statute we must defer to the usual, ordinary import of the language employed; if the words of the statute are clear, we should not add to or alter them. (California Teachers Assn. v. San Diego Community College Dist. (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) We “ ' “must follow the language used and give to it its plain meaning ....”’ [Citation.]” (People v. Weidert (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380].)
The language of the statute at issue is sufficiently clear so that “its plain meaning should be followed.” (See Great Lakes Properties, Inc. v. City of El Segundo (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) For the statute to have any meaning and efficacy, in exercising its discretion the court must in some manner indicate it has considered the defendant probationer’s willful failure to pay and ability to pay restitution and made a determination thereon. Although it need not recite any talismanic words or outline in detail all relevant factors it has considered in making its determination, the trial court must make apparent on the record, prior to exercising its discretion, that it has considered and weighed relevant factors in making the determinations required by the statute, just as the court would be compelled to do when, for example, it determines the admissibility of evidence. (See People v. Garrett (1987) 195 Cal.App.3d 795, 801 [241 Cal.Rptr. 10] and People v. Johnson (1987) 193 Cal.App.3d 1570,1575-1577 [239 Cal.Rptr. 190] [exercise of discretion pursuant to Evid. Code, § 352].)
In view of the serious consequences of probation revocation, this view of the statute seems reasonable. If, as the statute dictates, a defendant should not be incarcerated for failure to make restitution when she lacks the requisite financial ability, the court should indicate in some manner its *221 reasoning when it revokes probation and imposes a prison sentence. Such a requirement is consistent with the concerns expressed by Ryan, supra, 203 Cal.App.3d at page 199.
II
Defendant also contends she was denied her due process rights to notice and an opportunity to be heard when the trial court permitted the prosecution to amend the petition to include an additional violation of probation.
As the People acknowledge, the probationer is entitled to written notice of the alleged violations of probation, disclosure of the evidence against the probationer and an opportunity to respond to the charges. (Black v. Romano (1985) 471 U.S. 606, 611-612 [85 L.Ed.2d 636, 642-643, 105 S.Ct. 2254]; People v. Mosley (1988) 198 Cal.App.3d 1167, 1173 [244 Cal.Rptr. 264].) Accordingly, the trial court erred in permitting the amendment without affording defendant the procedural safeguards required above. It is therefore unnecessary to address defendant’s challenge to the sufficiency of the evidence for the court’s finding that she violated the checking account prohibition.
Ill
The only ground remaining to support the revocation, the failure to report, is not challenged by defendant. Although the court might, in the exercise of its broad discretion, revoke probation and impose a prison sentence based on that ground alone, on this record we cannot conclude the court would have sentenced defendant to state prison for the middle term based solely on her failure to report. Accordingly, we shall remand for resentencing.[3]
Disposition
The judgment is reversed and the cause remanded for resentencing.
Blease, Acting P. J., concurred.

A probation revocation hearing was held during which the court permitted the prosecution to amend the petition to allege violation of the condition of not maintaining a bank account.

Further statutory references to sections of an undesignated code are to the Penal Code.

In light of our disposition, we need not consider defendant’s claim of sentencing error.