Filed 3/25/14  P. v. Watson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047650 |
| v. | (Super. Ct. No. 12CF0510) |
| DAVID LEE WATSON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, James A. Stotler, Judge.  Reversed and remanded for resentencing.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant David Lee Watson appeals from an order revoking his probation and executing a previously suspended sentence under Penal Code section 1203.2, subdivision (c). He contends the court committed legal error when it expressed the position that, given the probation violations, it had no choice but to execute the sentence. He also contends the court violated his right to due process by considering uncharged probation violations in deciding to revoke probation. We agree with defendant's first contention and remand for resentencing, which makes consideration of his second contention unnecessary.

FACTS

In March of 2012, defendant pleaded guilty to one count of possession of methamphetamine in violation of Health & Safety Code section 11377, subdivision (a), and one count of possession of marijuana in violation of Health & Safety Code section 11357, subdivision (b). Defendant admitted he had one prior strike (robbery), and had served four prior prison terms under Penal Code section 667.5, subdivision (b). The court struck the strike and the four prior prison terms for sentencing purposes.

The court sentenced defendant to two years in state prison on the first count and suspended imposition of sentence on the second. The court then suspended execution of the two-year sentence and placed defendant on formal probation for three years. Among other terms of the probation, defendant was required to complete a one-year drug rehabilitation program.

In April of 2012, defendant enrolled in the Victory Outreach Rehabilitation Program (Victory Outreach) in Santa Ana. Defendant did not like that home, so he transferred to a different Victory Outreach home in Santa Ana 10 days later. According to defendant's probation officer, for the first three and one-half months, defendant was in

2

regular contact with her, compliant with his probation conditions, and doing fairly well at Victory Outreach.

In July of 2012, defendant was having problems with his knee and unable to work, so he moved to the Victory Outreach home in Buena Park, which could accommodate him better. While there, defendant was discovered in possession of banned cigarettes and a cell phone. As a result, defendant moved to the Victory Outreach home in La Habra. But on his first day at the La Habra home, defendant was found with marijuana, a cell phone, cigarettes, and a lighter. This violated the rules of Victory Outreach, but would not have resulted in expulsion from the program.

Nonetheless, defendant left the La Habra home that same day and transferred to the Victory Outreach home in Carson. Once there, his parole officer from a prior drug conviction informed defendant that he had to leave the Carson home because it was in Los Angeles County and his parole conditions required him to live closer to Orange County.

He then contacted his probation officer from this case, who instructed defendant to report to her in person on August 30, 2012, to turn himself in for a probation violation. Defendant failed to appear and never reported to his probation officer again.

Defendant was arrested on September 30, 2012. A few days later, the People filed a petition for arraignment on probation violation (Petition), alleging four violations: (1) failure to complete the one-year rehabilitation program; (2) failure to maintain an approved residence because, on two occasions, he changed his residence without notice; (3) failure to report in person to his probation officer on August 30; and (4) failure to submit to drug testing on August 30 (because he failed to appear). The only witness to testify at the hearing was defendant's probation officer.

3

During argument, defense counsel requested that the court "reinstate probation, impose 90 days jail, and allow Mr. Watson a second chance at rehabilitation with a different program." The court replied that this was not an option: "This is not a case where the imposition of sentence was suspended. This is a case where the defendant was sentenced to state prison for two years, execution of which was suspended. [¶] And there is a case, it's a Supreme Court case called *People vs. Howard* [(1997) 16 Cal.4th 1081], that says, once the defendant is found in violation, you pretty much have to execute that sentence. Now I know there's a way around that and not that the court would participate in such a thing. I'm not saying that. But that is the case can be like totally renegotiated where it would like almost require a plea withdrawal and then a re-plea. And then, you know, imposition of sentence is suspended, and then you go by these machinations, and somehow you'd get to a situation where the court has discretion that is not . . . limited by *People vs. Howard*."

The court found defendant in violation of all four probation conditions charged by the People. It then terminated defendant's probation and executed the previously suspended two-year prison sentence. Defendant timely appealed.

## DISCUSSION

Revocation of probation lies within the broad discretion of the trial court. (*People v. Angus* (1980) 114 Cal.App.3d 973, 987.) Absent abuse of that discretion, an appellate court will not disturb the trial court's findings. (*Id.* at pp. 987-988.)

Defendant first contends the court committed legal error in its interpretation of *People v. Howard*, *supra*, 16 Cal.4th 1081 (*Howard*), improperly concluding that, after finding defendant violated his probation, it had no discretion with regard to executing the suspended sentence. We agree with defendant.

4

The court in *Howard* framed the issue as follows: "When the trial court in a criminal case decides at time of sentencing to grant the defendant probation, the court may either suspend imposition of sentence or actually impose sentence but suspend its execution. [Citation.] If the court has suspended imposition of sentence and later revokes the defendant's probation, then the court has undisputed authority to choose from all the initially available sentencing options. [Citation.] If instead the court actually imposes sentence but suspends its execution on granting probation, and the sentence becomes final and nonappealable, does the court retain similar authority to impose a new sentence different from the one previously imposed?" (*Howard*, *supra*, 16 Cal.4th at p. 1084, fn. omitted.) Answer: No. (*Ibid.*)

The issue here, however, is slightly different: does the court retain the discretion to reinstate probation? The *Howard* court answered that question in the affirmative. The court interpreted Penal Code section 1203.2, subdivision (c), which states that in suspended execution cases the court "*may* revoke the suspension and order that the judgment shall be in full force and effect." (Italics added.) The *Howard* court interpreted the word "may" as presenting two options: Penal Code "section 1203.2, subdivision (c), merely gives the court discretion, on revocation and termination of probation, either (1) to revoke the *suspension of sentence* and commit the probationer to prison for the term prescribed in the suspended sentence, or (2) to decline to revoke the suspension or to order confinement." (*Howard*, *supra*, 16 Cal.4th at p. 1094.) *People v. Medina* (2001) 89 Cal.App.4th 318, 323, interpreted *Howard* to mean, "upon violation and revocation of probation under such circumstances, the sentencing court retains discretion to reinstate probation." (See *People v. Latham* (1988) 206 Cal.App.3d 27, 29 ["Upon the decision to revoke probation, the trial court had three available options: to reinstate probation on the same terms; to reinstate probation with modified terms; or to terminate probation and commit the probationer to prison pursuant to the original sentence"].) We agree with that interpretation.

The trial court's comments indicate it may have misunderstood the scope of its discretion. The court interpreted *Howard* as holding, "once the defendant is found in violation, you pretty much have to execute that sentence." That is incorrect. It is possible, of course, that the court was simply expressing its view that reinstatement of probation on the same or different conditions was not appropriate based upon the nature of the violations in this case. But the court's immediate invocation of the *Howard* case, as precluding counsel's suggestion that probation be reinstated on condition of a 90-day jail term, suggests otherwise.

The People contend that even if the court erred, an error is harmless where "the record reflects that the sentencing court clearly indicated that it would not have exercised discretion [to reinstate probation] even if it had been aware that it had such discretion." (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) The People contend certain comments demonstrate this rule applies here.

For example, in addressing defense counsel's suggestion that the defense and prosecution negotiate a new deal (presumably modified probation conditions), the court stated, "But [defendant's] track record is not one in which the court is enthusiastically inviting some sort of a renegotiation here. When you look at the track record of this case in terms of the alleged probation violations and you look at his prior record and all things considered, I've always got an open mind here, but I am not enthusiastic about your suggestion . . . ." Elsewhere the court stated, "In this case violation of any one of these probation violation allegations, in light of the totality of [the] circumstances in this case, independently supports a two-year state prison commitment."

While these statements suggest the court was convinced the two-year sentence was proper, in other places the court noted certain mitigating factors. For example, in discussing the charge that defendant failed to complete the drug rehabilitation program, the court noted that defendant did not leave the Carson Victory

6

Outreach house voluntarily, but instead his parole officer forced him to leave, and his probation officer ordered him to report for a violation shortly thereafter. The court also noted that the failure to notify the probation officer of a changed Victory Outreach residence was not as persuasive as other violations and was a fairly technical violation, and the failure to pass a drug test was an "afterthought" to the failure to report. Granted, there was little to say in mitigation of defendant's failure to report on August 30. Nonetheless, there is enough uncertainty here that we would be speculating by trying to predict what the court would have done had it correctly understood the scope of its discretion. Accordingly, we remand for resentencing.

Defendant's second contention is that the trial court improperly considered four uncharged probation violations in deciding to execute the suspended sentence. He contends, "There is a realistic possibility that the lower court, if it had exercised . . . its discretion properly [citation], might well have decided to reinstate probation instead of executing this prison sentence if it had only considered the four violations actually alleged in the Petition." Defendant requests we remand for resentencing. The People contend defendant waived this argument by failing to object at the hearing and that, in any event, the error was harmless.

In his opening brief, defendant requested *a new evidentiary hearing*, or, alternatively, resentencing. Defendant did not cite any case ordering a new evidentiary hearing in similar circumstances, however, and it is unclear to us why it would be necessary. Defendant does not challenge the sufficiency of the evidence. In *People v. Self* (1991) 233 Cal.App.3d 414, 419, where the trial court improperly considered an uncharged probation violation in addition to a properly charged violation, the court remanded the case for resentencing. In our view, this is the proper remedy. Defendant appears to concede this, as in his reply brief he solely requests resentencing. Since we have already provided that remedy in connection with defendant's first contention, we need not further consider his second contention.

7

DISPOSITION

The order executing defendant's two-year sentence is reversed and the cause is remanded for resentencing.

IKOLA, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

BEDSWORTH, J.