Filed 8/24/23  P. v. Terrell CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080224 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE403446) |
| MINOR TERRELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed, as modified.

Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

Minor Terrell was convicted of two aggravated assault charges arising from the same act:  assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1), count 1) and assault likely to produce great bodily injury, sometimes referred to as "force-likely" assault (§ 245, subd. (a)(4), count 2).  The jury also found that Terrell personally used a deadly and dangerous weapon (a cane sword) within the meaning of section 1192.7, subdivision (c)(23).  Without having the benefit of *People v. Aguayo* (2022) 13 Cal.5th 974 (*Aguayo*), the trial court stayed the sentence on count 2, imposed two years of formal probation, and as a condition of probation ordered Terrell to participate in any anger management treatment programs chosen by the probation officer.

On appeal, Terrell contends, the Attorney General concedes, and we agree that under *Aguayo*, he cannot be convicted of both assault counts.  The parties disagree, however, about the appropriate remedy.  The Attorney General contends the two counts should be consolidated into a single conviction, whereas Terrell maintains his conviction on count 2 (force-likely assault) should be reversed.  We hold that the counts should be consolidated.

Terrell also contends that the probation condition requiring him to participate in any anger management treatment program is an overbroad delegation of judicial power.  The claim is forfeited because defense counsel did not object in the trial court.  In any event, reasonably construed as being limited to nonresidential treatment programs, the condition is a valid delegation of authority.

---

[1]     Undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2020, Terrell (a 65-year-old African American) was a passenger on public transit when two other riders were making loud statements in support of former President Trump. One of the men had a "White Pride" tattoo on his neck.

After the three men exited the trolley, one of the Trump supporters offered Terrell a blunt as a "peace offering." Terrell used his cane to push the man away, pulled a five-inch knife hidden inside it, and stabbed the man in the neck. The jury viewed a surveillance video of the incident.

At trial, Terrell claimed he acted in self-defense. The jury disagreed, convicting him on both counts. On count 1 (assault with a deadly weapon), the jury also found that he personally used a dangerous and deadly weapon (a cane sword), within the meaning of section 1192.7, subdivision (c)(23).

DISCUSSION

A.   *The Convictions Should Be Consolidated*

Section 954 provides that an accusatory pleading may charge "different statements of the same offense . . . under separate counts." However, the statute " ' "does not permit multiple convictions for a different statement of the same offense when it is based on the same act or course of conduct." ' " (*Aguayo, supra,* 13 Cal.5th at p. 982.)

In *Aguayo*, the Supreme Court held that when enacting section 245, the Legislature "intended assault with a deadly weapon and force likely assault to constitute 'different statements of the same offense' for purposes of section

954." (*Aguayo*, *supra*, 13 Cal.5th at p. 988.)  Where, as here, both counts are based on the same conduct,[2] multiple convictions are prohibited.

*Aguayo* left open the question of remedy, expressing no opinion on whether one of the convictions should be stricken or instead whether the two convictions should be consolidated.  (*Aguayo*, *supra*, 13 Cal.5th at p. 995.)  The parties have different views on the issue.

Terrell asserts that we should reverse count 2 because that would comply with section 954 and in the future, courts would know that he was convicted of a charge that qualified as a strike under the Three Strikes law. (§§ 1192.7, subdivision (c)(23), 667, subds. (b)–(i).)

In contrast, citing *People v. Craig* (1941) 17 Cal.2d 453, 459[3] (*Craig*), the Attorney General contends consolidation is more appropriate.  In that case, based on one act of intercourse, the defendant was convicted of one count of rape by force and violence, and a separate count of rape of a person under the age of consent.  (*Id.* at pp. 454–455.)  After determining that only one offense had occurred, the court consolidated the two convictions into a single judgment that stated the defendant was found guilty of rape, identified the two statutory subdivisions he violated, and stated the two counts were separate statements of the same offense.  (*Id.* at pp. 458–459.)

We conclude that consolidation is the better remedy because it is consistent with that aspect of *Craig* as well as the rationale articulated in *Aguayo*.  Before 2011, these two forms of aggravated assault were not

---

[2]    In closing argument, the prosecutor stated, "[c]ount 2 is pretty similar to count 1" and was also based on the stabbing.  At sentencing the judge similarly remarked, "The two counts basically are the same . . . ."

[3]    *People v. White* (2017) 2 Cal.5th 349, 359 overruled *Craig* on different grounds, holding that a defendant is properly convicted for both rape of an intoxicated person and of an unconscious person.

separate offenses, but instead described alternative ways to violate former section 245, subdivision (a)(1). (See *Aguayo*, *supra*, 13 Cal.5th at p. 986.) The Legislature separated them in 2011 because assault with a deadly weapon is a "serious felony" with potential consequences under the Three Strikes law, but assault with force likely to cause great bodily injury is not. (*Aguayo,* at pp. 986–987.) "Having a judgment showing the 'true nature' of a former section [245, subdivision] (a)(1) conviction—by indicating whether it was pursuant to subparagraph (a)(1) or (a)(4)—would allow a prosecutor to settle appropriate cases . . . ." (*Aguayo*, at p. 987.)

Here, the " 'true nature' " of Terrell's convictions is that he used a large knife to stab the victim in the neck. Consolidating the two forms of aggravated assault into a single conviction (of assault with a deadly weapon and by means of force likely to produce great bodily injury) preserves these findings. In contrast, striking count 2, as Terrell urges, would inappropriately minimize the actual force that he utilized.

B.    *The Challenged Condition of Probation is Not Unconstitutional*

To "deal with some of the anger issues [Terrell] seem to display," the court imposed as a condition of probation that he "comply with any assessment programs" as directed by his probation officer and "participate in any type of treatment, including cognitive, behavioral therapy, group, [and] individual." Defense counsel did not object. In response to the judge's questions, Terrell stated that he understood the terms of his probation and was willing to follow them.

For the first time on appeal, Terrell contends that giving the probation officer the authority to compel him to comply with "any assessment program" places him "at the mercy of the probation department" and is an "improper delegation of judicial power to the probation officer." He "requests" that the "treatment plan probation term" be modified to read: "You are ordered to cooperate with your probation officer in any outpatient counseling plan for anger management."

Terrell has forfeited this issue. Challenges to conditions of probation ordinarily must be raised at sentencing, and if they are not, appellate review of those conditions is forfeited. (See *People v. Welch* (1993) 5 Cal.4th 228, 235.) This rule "helps discourage the imposition of invalid probation conditions and reduce the number of costly appeals brought on that basis." (*Ibid*.) By accepting this term without objection, Terrell prevented the trial court from being able to clarify or narrow its scope had that been appropriate. The purpose of the forfeiture rule is to avoid this situation—where an objection would have permitted the trial court to address the concern and/or make a better record to support the court's decision.

Putting forfeiture aside, the claim fails because it is based on a misunderstanding of the challenged probation condition. When construing probation conditions, we consider their context, use common sense, and may look to oral comments the trial judge made when imposing the term. (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1129; see *In re Sheena K.* (2007) 40 Cal.4th 875, 891.)

In this case, although the court ordered Terrell to comply with "any assessment programs" as directed by his probation officer, the judge's contemporaneous oral comments limit that authority to anger management issues:

> "[T]he court is going to order that if your probation officer wants you to comply with any assessment programs . . . , participate in any types of treatment, including[,] cognitive, behavioral therapy, group, [and] individual. *I'd like to see you deal with some of the anger issues you seem to display . . . .*" (Italics added.)

Construed in this context, as it must be, this is a reasonable and appropriate delegation of authority for nonresidential treatment for anger issues. By rejecting Terrell's claim of self-defense, the jury credited the victim's testimony (supported also by the surveillance video) that Terrell was the aggressor. Under these circumstances, anger management assessment/treatment is an eminently reasonable condition of probation. Delegating the details to the probation officer is a pragmatic necessity because a trial court "is poorly equipped to micromanage selection of a [treatment or counselling] program." (*People v. Penoli* (1996) 46 Cal.App.4th 298, 308.)

This grant of discretionary authority includes an implicit requirement that the discretion be exercised reasonably. (See *People v. Stapleton* (2017) 9 Cal.App.5th 989, 996.) In the future, if Terrell is directed by a probation officer to comply with this condition in a manner that is not related to nonresidential assessment and/or treatment for anger management, he may challenge the manner in which the condition has been implemented. (See *People v. Keele* (1986) 178 Cal.App.3d 701, 708 [trial court retains jurisdiction to review probation officer's actions].)

## DISPOSITION

The judgment is modified to consolidate the separate convictions of assault with a deadly weapon (count 1) and assault with force likely to cause great bodily injury (count 2) into a single violation of subdivisions (a)(1) and (a)(4) of section 245, being separate statements of the same offense, with a true finding that in committing the assault, Terrell personally used a deadly and dangerous weapon (a cane sword) within the meaning of section 1192.7, subdivision (c)(23). In all other respects, the judgment is affirmed.


DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


IRION, J.

8