[No. B021694. Second Dist., Div. Five. Aug. 11, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY JOHNSON et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

\*Only the two introductory paragraphs of the opinion, part II of the Discussion, and the Disposition are certified for publication. (Cal. Rules of Court, rule 976.1(a).)

**COUNSEL**

James L. Kellner and Florence R. H. Popper, under appointments by the Court of Appeal, and Darryle Jones, in pro. per., for Defendants and Appellants.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Susanne C. Wylie and Juliet H. Swoboda, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

EPSTEIN, J.*—In this consolidated appeal, Gary Johnson and codefendant Darryle Jones challenge their respective judgments of conviction for receiving stolen property (Pen. Code, § 496, subd. (1)).[1]

Johnson argues that the evidence is insufficient to support his conviction. Jones argues that the trial court failed to properly exercise its discretion under Evidence Code section 352 in ruling on a motion to exclude prior felony conviction evidence, offered for purposes of impeachment. Neither argument has merit. We affirm both judgments.

---

*Assigned by the Chairperson of the Judicial Council.

[1] These two defendants were jointly tried with codefendant James Burroughs. Burroughs is not a party to this appeal.

## FACTS *

. . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

. . . . . . . . . . . . . . . . . . . . . . . .

### II. *Jones's Appeal*

Jones had suffered three prior felony convictions: federal bank robbery (apparently 18 U.S.C. § 2113; 1979); grand theft (Pen. Code, § 487.2; 1976); and forgery (Pen. Code, § 470; 1978). His attorney presented a motion *in limine* to prevent the prosecutor from using these convictions for purposes of impeachment should Jones testify. Johnson's attorney presented a similar motion on behalf of his client, who also had suffered prior felony convictions.

Jones challenges the trial court's ruling that the theft and forgery convictions could be used for purposes of impeachment. He argues that the trial court failed to weigh the probative value of this impeachment evidence against its prejudicial effect, and that the circumstances of the case were such that discretion could only be exercised in one way—to exclude the evidence.

### A. *Requirement That Probative Value Be Weighed Against Prejudicial Effect*

 Jones's principal argument is that the trial court failed to demonstrate an on-the-record exercise of discretion in ruling on the Evidence Code section 352 objection, as required by *People* v. *Green* (1980) 27 Cal.3d 1, 25 [164 Cal.Rptr. 1, 609 P.2d 468], and other cases.

Evidence Code section 788 provides that the credibility of a witness may be attacked by a showing, on cross-examination, that the witness had been convicted of a felony.[2] The California Constitution provides that "[a]ny prior felony conviction of any person in any criminal proceeding . . . shall subsequently be used without limitation for purposes of impeachment . . .

---

\* See footnote, *ante,* page 1570.

[2] There are four circumstances specified in section 788, in which a prior conviction may not be used for credibility impeachment. None is applicable in this case.

in any criminal proceeding." (Cal. Const., art. I, § 28, subd. (f).) In *People v. Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1], the Supreme Court held that section 788 was subject to the discretionary authority of courts to exclude evidence under Evidence Code section 352. *People v. Castro* (1985) 38 Cal.3d 301, 306 [211 Cal.Rptr. 719, 696 P.2d 111] held that the constitutional provision, a part of the Victim's Bill of Rights (Prop. 8, adopted in 1982), did not abrogate the application of section 352 to the admissibility of prior felony conviction evidence for impeachment.[3]

■ In *People v. Green, supra,* 27 Cal.3d at p. 25, the Supreme Court reiterated established rules about the exercise of discretion by a trial court on a section 352 objection: ". . . on a motion invoking this ground the record must affirmatively show that the trial judge did in fact weigh prejudice against probative value . . . . [T]he reason for the rule is to furnish the appellate courts with the record necessary for meaningful review of any ensuing claim of abuse of discretion; an additional reason is to ensure that the ruling on the motion 'be the product of a mature and careful reflection on the part of the judge,' i.e., to 'promote judicial deliberation before judicial action' [citation]." (See also *People v. Montiel* (1985) 39 Cal.3d 910, 924 [218 Cal.Rptr. 572, 705 P.2d 1248].)

■ In this case, the *in limine* motions of both counsel were heard at the same session, at the outset of proceedings before the assigned judge. This was in May 1986, a year after the *Castro* decision had been announced.

The court first heard Johnson's motion, which his attorney described as "being made under 352 of the Evidence Code and under the various cases which, notwithstanding Proposition 8, . . . give the court the discretion to determine the probative value of the alleged prior felony conviction as to the prejudicial value, if in fact they are admitted for impeachment purposes." After hearing defense counsel and the prosecutor, the court ruled that Johnson could be impeached by a prior grand theft conviction, but not by a prior conviction for possession of a controlled substance.

Jones's attorney then presented the section 352 motion on behalf of his client. He argued that the 1976 grand theft conviction was remote "and under 352 analysis, it seems to me that the prejudice of that kind of an offense could outweigh its possible probative value." He expressed special

---

[3] Jones did not testify. In *People v. Collins* (1986) 42 Cal.3d 378, 383 [228 Cal.Rptr. 899, 722 P.2d 173], the Supreme Court held that only a defendant who testifies and who is impeached by a prior felony conviction has standing to argue error on appeal based upon admission of the prior conviction for that purpose. However, this rule was declared to be prospective only (*id.* at p. 388). It therefore does not apply to Jones, whose trial occurred before *Collins* became final.

concern about the bank robbery, suggesting that a ruling allowing that conviction to be used might force his client to forego testifying. He also questioned the probative value of the conviction. He presented no argument about the forgery conviction.

The prosecutor conceded that it "may be dangerous" to use the bank robbery prior (because the victim's car had been taken in an armed robbery, although the offense charged here was receiving stolen property). But he urged that the other two convictions should be allowed. He argued that the 1976 grand theft conviction should not be regarded as remote since Jones was on probation from that offense when the 1978 forgery was committed.

The trial court then ruled as follows: "All right. As far as Mr. Jones is concerned, the prosecution may ask him whether he's been convicted of grand theft in 1976 and a forgery in '78. [It] [m]ay not ask him concerning the robbery in 1979."

The entire colloquy before the court on both *in limine* matters was focused on its exercise of discretion under Evidence Code section 352. The discussion covered each of the four "guideline" factors identified in the *Beagle* case: bearing of the crime on the trait of untruthfulness; closeness or remoteness in time of the conviction to the crime charged; similarity of the offenses; and the bearing of an adverse ruling on defendant's ability to present a defense. (See *People* v. *Beagle, supra,* 6 Cal.3d at p. 453; *People* v. *Castro, supra,* 38 Cal.3d at p. 307.) Of the three prior convictions available to impeach Jones if he were to testify, his attorney virtually conceded one (forgery) and sought to keep out the other two (bank robbery and grand theft). The prosecutor did not press one (bank robbery) but urged that the People ought to be able to use the other two. The court ruled that the forgery and grand theft convictions could be used, and that the bank robbery could not be used.

The *Green* decision requires that the record affirmatively reflect that the trial judge has weighed prejudice against probative value. The context of the trial judge's statement in this case demonstrates that this weighing occurred. ■ ■ ■ ■ No other subject was discussed at the *in limine* hearings; all of the colloquy before the court was couched in terms of *Beagle* factors; and the trial judge decided to permit only two of the three prior felony convictions to be used, even though all three were concededly relevant.[4]

---

[4] Relevance of a prior felony conviction for impeachment depends on whether moral turpitude is necessarily involved in the least adjudicated elements of the crime. (*People* v. *Castro, supra,* 38 Cal.3d at p. 317.) Defense counsel conceded this point at trial, and appellate coun-

 Appellant argues that without some further statement from the trial judge, the record in this case is insufficient to satisfy the requirements of *Green*. He cites *People* v. *Flanagan* (1986) 185 Cal.App.3d 764, 770 [230 Cal.Rptr. 64], and we agree that this case supports him.

In *Flanagan,* a defendant was charged with several counts of uttering (Pen. Code, § 470) and related crimes. The prosecution sought to impeach him, should he testify, with prior convictions for rape, burglary and receiving stolen property, arguing that each of these involved moral turpitude as required by the *Castro* case (which had just been decided). Defense counsel argued the court's continuing discretion to exclude the impeachment, also recognized in *Castro*. The trial judge observed that each of the three prior convictions involved moral turpitude, and ruled that the prosecution could use all of them for impeachment. In response to a question from counsel about the rape conviction, the trial court said that it had "weighed this and that it could go to the jury." (*Id*. at p. 770.)

On appeal, the court stated that while the record revealed the awareness of the trial court of its discretion under section 352, it did "not *affirmatively show,* at least as to the prior forgery, that the trial judge did in fact weigh prejudice against probative value." (*Id*. at p. 771, original italics.)

With respect, we believe that *Green* does not compel a trial court to expressly state that it has weighed probative value against prejudice where the context of its ruling makes it plain that it could have done nothing else. We are instructed by *People* v. *Montiel, supra,* 39 Cal.3d at p. 924, which, if anything, is an a fortiori case.

*Montiel* involved the admissibility, over a section 352 objection, of gruesome photographs of a homicide victim. Defense counsel observed that his motion was a "352 question" and the trial judge said that "it's a discretionary thing." The issue was argued; the judge looked at the photographs, and then ruled simply, "motion denied." On appeal, the Supreme Court repeated its holding in *Green,* and concluded: "Here, there is evidence that the trial court understood and undertook its obligation to perform the weighing function prescribed by Evidence Code section 352. The judge expressly referred to his discretion, looked at the photographs before making his decision, and listened to argument. He did not explicitly state the factors and his assessment thereof in making his decision, but under the circumstances, in this pre-*Green* trial, the reflection thus demonstrated was sufficient." (*Ibid*.)[5]

---

sel does not question it now. Since dishonesty (theft) was an element of each of the three crimes in question (*id*. at p. 315), counsel could hardly do otherwise.

[5] We do not take the reference to the trial in *Montiel* being "pre-*Green*" to qualify the holding on this point. The court pointed out that *Green* itself was a reiteration. The *Green* passage

 Here, too, the court did not explicitly state the factors and its assessment of them in making its decision. However, the content and context of the argument that preceded the court's ruling, and the nature of the ruling itself, adequately demonstrates a reflection and weighing of Evidence Code section 352 factors. There can be no doubt that the trial court was aware of the discretion that it had, and that its discretion was exercised. There is an adequate record for appellate review.

### B. *Reasonableness of the Court's Decision*

 Appellant argues that, even if the record adequately reflects an exercise of discretion by the trial court, the result of the exercise was error as a matter of law. Appellant relies on a passage in *People* v. *Collins, supra,* 42 Cal.3d at p. 390: "even if it involves moral turpitude, a prior conviction is also inadmissible as a matter of law in unusual cases in which the appellate court concludes on the particular facts before it that the trial court could have exercised its discretion only in favor of exclusion, i.e., that it would have been an abuse of discretion if the trial court had admitted the conviction."

This is not such an unusual case. Officer Gilbert made a positive identification of Jones and described conduct which a jury could reasonably conclude amounted to an effort to strip cellular telephone equipment out of a stolen vehicle. (Under the facts of the case, any other inference would have been difficult to credit.) The person identified by the officer ran off on his approach. Jones was found shortly thereafter, hiding in bushes some six feet away. If he had testified, his credibility would have been a matter of critical importance. The fact that he had been convicted of moral turpitude felonies is obviously relevant to his credibility, as the cases teach us. And at least three of the *Beagle* factors pointed toward admission of impeachment: each of the prior convictions that the trial court ruled it would admit bore on the trait of untruthfulness; none was remote; and none was for the same offense. Two observations are pertinent about the fourth *Beagle* factor: the ruling's possible effect on defendant's ability to present a defense. First, defense counsel did not say that defendant would not testify if he were open to impeachment by the grand theft and forgery convictions; he implied that defendant would not testify if the bank robbery conviction were admitted, and the court excluded that prior. Second, the Supreme Court pointed out in the *Beagle* decision itself that it did "not propose to encourage or countenance a form of blackmail by defendants. No witness including a defendant who elects to testify in his own behalf is entitled to a false aura of veracity.

---

cited in *Montiel* is based upon, and follows the rule set forth in a much earlier case—*People* v. *Ford* (1964) 60 Cal.2d 772, 801 [36 Cal.Rptr. 620, 388 P.2d 892]. (*People* v. *Green, supra,* 27 Cal.3d at p. 24.)

The general rule is that felony convictions bearing on veracity are admissible." (*People* v. *Beagle, supra,* 6 Cal.3d at p. 453.) Decisions following *Beagle* made considerable inroads on that principle, but "[t]he intention of the drafters of the initiative [Proposition 8] was to restore trial court discretion as visualized by the Evidence Code and to reject the rigid, black letter rules of exclusion which we had grafted onto the code" by subsequent cases. (*People* v. *Castro, supra,* 38 Cal.3d at p. 312; *People* v. *Collins, supra,* 42 Cal.3d at p. 392.)

## DISPOSITION

The judgments of conviction are affirmed.

Ashby, Acting P. J., and Hastings, J., concurred.

The petition of appellant Jones for review by the Supreme Court was denied November 24, 1987.