[No. B018024. Second Dist., Div. One. Oct 23, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
DARRIN ANTHONY GARRETT, Defendant and Appellant.

**COUNSEL**

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Edward H. Schulman, Chief Assistant State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Mark Alan Hart and Sharlene A. Honnaka, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LUCAS, J.—**

## I

### FACTS

Darrin A. Garrett was charged by information with murder (Pen. Code, § 187), with an allegation that he personally used a firearm in the commission of the offense (Pen. Code, §§ 12022.5, 1203.06, subd. (a)(1)). Garrett's motion to exclude his prior felony conviction of conspiracy to possess an unregistered firearm for the purpose of impeachment was denied. Garrett did not testify at trial. In an offer of proof, under oath and outside the presence of the jury, he stated his decision not to testify was based on the court's ruling allowing impeachment with his prior conviction. But for that

ruling, he would have taken the stand and testified that he was with Goldie Wright at the time of the homicide.

The jury found Garrett guilty of first degree murder and found the firearm use allegation to be true. He appeals from the judgment of conviction.

The sole issue on appeal is whether the trial court erred in ruling that it would permit defendant to be impeached with his prior felony conviction.

## II

### MORAL TURPITUDE

A witness in a criminal trial may be impeached with a prior felony conviction if the least adjudicated elements of that felony necessarily involve moral turpitude. (*People* v. *Castro* (1985) 38 Cal.3d 301, 317 [211 Cal.Rptr. 719, 696 P.2d 111].) Even if the prior felony conviction involves moral turpitude, its admission is also subject to the trial court's discretion under Evidence Code section 352 to exclude evidence when its probative value is outweighed by the risk of undue prejudice. (*Id.*, at p. 307.)

Appellant first argues that his prior conviction for conspiracy to possess an unregistered firearm was inadmissible because it does not necessarily constitute a crime of moral turpitude. We disagree.

Moral turpitude involves a " 'readiness to do evil' " which will support an inference of a witness's readiness to lie. (*People* v. *Castro, supra,* 32 Cal.3d at p. 314.) The prior felony conviction must connote moral laxity of some kind which is in some manner relevant to the witness's dishonesty. (*Id.*, at p. 316.) "Whether a conviction involves such turpitude is a question of law; its answer depends on the elements of each crime in the abstract, rather than the underlying facts of the earlier prosecutions." (*People* v. *Collins* (1986) 42 Cal.3d 378, 390 [228 Cal.Rptr. 899, 722 P.2d 173].)

Appellant's prior felony conviction was for conspiracy to possess an illegal weapon, a sawed-off shotgun, in violation of 18 United States Code section 371 and 26 United States Code section 5861(d).[1] To determine

---

[1] These statutes provide in relevant part: "If two or more persons conspire either to commit any offense against the United States . . . or any agency thereof in any manner or for any purpose, and [if] one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both." (18 U.S.C. § 371.)

whether this conviction involved moral turpitude, we consider the elements of the crime. (*Ibid.*) ■ Conviction under these statutes required proof that appellant and another agreed to possess unregistered firearms and that one of the two did an overt act in furtherance of the agreement. (*United States* v. *Crossman* (5th Cir. 1981) 663 F.2d 607, 609.)

We agree with appellant that all conspiracies ought not be categorized as crimes involving moral turpitude without regard to the object of the conspiracy. As the Supreme Court pointed out in *People* v. *Castro, supra*, 38 Cal.3d 301, 314, since in California it is a felony to conspire to commit a misdemeanor (Pen. Code, § 182), such a broad holding would even impute moral turpitude to a conviction of a crime such as conspiracy to tattoo a person under 18. That result is unreasonable.

■ Our concern, then, is whether the object of the conspiracy involved moral turpitude. Under 26 United States Code section 5861(d), the underlying violation, it is unlawful for any person to receive or possess an unregistered firearm. "Firearm" is defined in 26 United States Code section 5845 to include various modified or altered guns.[2] The legislative history of that section was considered in *United States* v. *Peterson* (9th Cir. 1973) 475 F.2d 806, 810: "We have concluded from a perusal of the legislative history of the act that Congress was well aware of the rampant destruction of property and dangers to life and limb faced by the public through the use of converted military type weaponry and the street variety of homemade instruments and weapons of crime and violence. And with this awareness Congress intended to foster law and order among the public by the proscription of original and converted military type weapons and, also, the do-it-yourself type of similar devices and weapons of crime, violence and destruction."

The possession of one of the weapons delineated in section 5845, a hand grenade, in violation of section 5861(d), has been described by the United States Supreme Court as an act which is not innocent in itself but rather an evil act which exposes others to danger. (*United States* v. *Freed* (1971) 401

---

"It shall be unlawful for any person . . . to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record . . . ." (26 U.S.C. § 5861(d).)

[2] 26 United States Code section 5845 provides in pertinent part: "For the purpose of this chapter —[¶] (a) Firearm. —The term 'firearm' means (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) a muffler or a silencer for any firearm whether or not such firearm is included within this definition; and (8) a destructive device. . . ."

U.S. 601, 609-610 [28 L.Ed.2d 356, 362-363, 91 S.Ct. 1112].) The same conclusion follows regarding possession of the other modified or altered firearms included in that section.

■ Support for this conclusion is found in judicial interpretation of our own regulation of deadly weapons under Penal Code section 12020, which makes it a felony to possess various weapons, including concealed weapons, sawed-off shotguns, or explosive substances. It has been held that the purpose of that statute is to "outlaw possession of weapons common to the 'criminal's arsenal.' [Citations.] 'Sawed-off' shotguns and rifles are suitable for unlawful purposes because of their concealability and ease of handling." (*People* v. *Stinson* (1970) 8 Cal.App.3d 497, 500 [87 Cal.Rptr. 537].) That statute outlaws a class of instruments normally used *only* for criminal purposes. (*People* v. *Wasley* (1966) 245 Cal.App.2d 383, 386 [53 Cal.Rptr. 877].)

■ The federal statute is similarly directed at "weapons of crime, violence and destruction." (*United States* v. *Peterson, supra,* 475 F.2d 806, 810.) Notably excluded from the definition of "firearms" subject to regulation are those weapons which commonly are possessed for an "innocent" purpose: antique weapons, pistols and revolvers having rifled bores, weapons intended to be fired from the shoulder, and firearms incapable of discharging a shot. (26 U.S.C. § 5845(a), (e), (h).) The weapons required to be registered under 26 United States Code sections 5845 and 5861 are insidious instruments normally used for criminal purposes. Their mere possession in violation of the statute is indicative of a "readiness to do evil." A violation of 26 United States Code section 5861(d) thus involves moral turpitude.

Appellant's conviction for conspiracy to possess unregistered firearms involved his agreement with another to possess the illegal firearms and an overt act in furtherance of that object. As the conspiratorial agreement necessarily encompassed as its object the ultimate crime involving moral turpitude, we conclude that appellant's conviction for conspiracy to possess unregistered firearms involved moral turpitude. On this basis it was admissible for purposes of impeachment.

### III

#### EXERCISE OF DISCRETION

■ Appellant also claims the trial court, in ruling the prior felony admissible for impeachment, failed to exercise its discretion under Evidence

Code section 352 as required by *People* v. *Castro, supra,* 38 Cal.3d 301, 306. The record does not support this assertion.

The discretion to be exercised under section 352 involves a weighing of the probative value of the evidence against the danger of undue prejudice its admission might cause. Defense counsel, in arguing for exclusion, expressly reminded the court of the need for the exercise of discretion under section 352; the trial court acknowledged that need. Counsel argued to the court that because the prior felony was only two years old, its admission would be heavily prejudicial; the court responded that it did not think a fairly recent conviction would be prejudicial, that prejudice results from very, very old convictions. Defense counsel also argued prejudice because the prior conviction involved a weapon, as did the current charge, and there was a likelihood of speculation and prejudice resulting from the use of the word weapon with the word conspiracy.

Faced with these arguments, the court stated that it did not find the prior conviction to be remote, and that it believed the conspiracy involved moral turpitude. The court rejected defendant's request to limit impeachment to a simple question of whether defendant had been convicted of a felony in federal court; the court felt the jury was entitled to evaluate the moral turpitude involved in the actual felony conviction. This reflects a consideration of the probative value of the felony conviction on defendant's credibility.

The fact that the trial court did not recite the magic words that its decision was based on section 352 or that the probative value outweighed any risk of undue prejudice is not fatal to its ruling. What is important is that the court did make apparent on the record, prior to exercising its discretion, its consideration of the factors which threatened prejudice against the probative value of the evidence. (*People* v. *Boyd* (1985) 167 Cal.App.3d 36, 45 [212 Cal.Rptr. 873].)

The failure of a trial court to make an explicit finding on the record that the probative value of the evidence outweighed the risk of prejudice has been held to be error. (*People* v. *Green* (1980) 27 Cal.3d 1, 25-26 [164 Cal.Rptr. 1, 609 P.2d 468].) However, where, as in this case, the issue whether the probative value outweighed prejudicial effect was before the court, and plainly formed the basis for its ruling, the court's failure to recite this implied finding is harmless error. (*People* v. *Frank* (1985) 38 Cal.3d

711, 732 [214 Cal.Rptr. 801, 700 P.2d 415]; Cal. Const., art. VI, § 13; *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

## DISPOSITION

The judgment is affirmed.

Spencer, P. J., and Hanson (Thaxton), J., concurred.