233 Cal.App.3d 414 (1991)
284 Cal. Rptr. 458
THE PEOPLE, Plaintiff and Respondent,
v.
DARLENE ELIZABETH SELF, Defendant and Appellant.
Docket No. C007073.
Court of Appeals of California, Third District.
August 14, 1991.
*415 COUNSEL
Alan C. Messarra, under appointment by the Court of Appeal, for Defendant and Appellant.
John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, W. Scott Thorpe and Michael J. Weinberger, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
CARR, J.
After a jury convicted defendant of writing checks with insufficient funds (Pen. Code, § 476a, subd. (a)), the trial court suspended *416 imposition of sentence and granted her probation. Among the terms of defendant's probation were a reporting requirement, payment of restitution and a prohibition against defendant maintaining a checking account.
A petition for revocation of probation was filed which alleged defendant had failed to report regularly and to pay restitution. Following the hearing, the court found the allegations of the petition true and further determined that defendant had violated the checking account prohibition. The court revoked probation and sentenced defendant to state prison for the middle term of two years.
On appeal, defendant contends: (1) the probation revocation was an abuse of discretion as the court made no findings of defendant's ability to pay and considered no alternatives to prison; (2) the trial court erroneously permitted amendment of the revocation petition;[1] (3) there was insufficient evidence to support the finding defendant violated the checking account prohibition; and (4) the court erred in failing to state reasons for denying probation and imposing a prison sentence. We agree the trial court abused its discretion in failing to determine defendant's ability to pay restitution and we shall reverse the judgment.

FACTS
At the revocation of probation hearing, defendant's probation officer testified defendant had failed to report since November 1988 and had made only three partial restitution payments totaling $85 during her probationary period. Defendant testified her $673 monthly supplemental Social Security (SSI) check was deposited in a joint checking account she shared with her boyfriend. Although her name was on the checks, and she did not write any checks, defendant had a bank card with which she withdrew funds from the account. The court granted the prosecution's motion to amend the petition to allege a violation of the prohibition against possession of a checking account by defendant.
Defendant is legally blind and suffers from emphysema and a heart condition. According to the supplemental probation report, she owes $5,400 in various debts. Her current balance of restitution payments owing is $637.
Defendant testified her boyfriend had taken her money. She claimed she had attempted to contact the probation officer but could not report personally because she was unable to drive and had to rely on others for transportation. *417 In the past, when she lived in another county, defendant had been permitted to report to her probation officer by mail. Defendant could not remember whether she had sent in one particular report, and testified she later ran out of the report forms, but did not request additional forms.

DISCUSSION

I
(1a) Asserting the court failed to make an express finding that defendant had the ability to pay restitution as required by Penal Code section 1203.2,[2] or to consider alternatives to prison, defendant urges revocation was an abuse of the court's discretion. This contention has merit.
(2) Revocation of probation lies within the broad discretion of the trial court. (People v. Angus (1980) 114 Cal. App.3d 973, 987 [171 Cal. Rptr. 5].) Absent abuse of that discretion, an appellate court will not disturb the trial court's findings. (Id. at pp. 987-988.) Section 1203.2, subdivision (a) provides in relevant part: "... [P]robation shall not be revoked for failure of a person to make restitution ... as a condition of probation unless the court determines that the defendant has willfully failed to pay and has the ability to pay. Restitution shall be consistent with a person's ability to pay." (Italics added.)
The Attorney General urges the evidence presented at the revocation hearing established defendant's ability to pay restitution. On her monthly disability income of $637, defendant was required to make a $60 restitution payment every month. But defendant had other outstanding debts totaling $5,400 as well as the necessity of providing food, shelter, clothing and other essentials for herself. Defendant urges that under these circumstances section 1203.2 compelled the trial court to examine her situation and make express findings concerning any willful failure to pay and particularly her ability to pay.
We are aware of no reported decision holding the trial court must expressly find that a probationer has the ability to pay restitution before probation may be revoked for failure to make restitution. In People v. Ryan (1988) 203 Cal. App.3d 189 [249 Cal. Rptr. 750], the only decision to discuss the issue, the court in dictum found such a requirement. Noting the absence of any statutory requirement for a finding of ability to pay restitution imposed as a condition of probation, the court rejected the defendant's contention that the trial court abused its discretion in ordering him to pay *418 restitution without determining his ability to pay. (Id. at pp. 193, 198-199.) Moreover, the defendant had the opportunity to present evidence on his ability to pay, and had stated he could comply with restitution as a condition of probation. (Id. at pp. 196, 199.)
In rejecting the defendant's claim that the failure to base restitution on ability to pay may result in denial of equal protection, the court pointed to the provision contained in section 1203.2 requiring judicial determination of ability to pay before the court may revoke probation. (203 Cal. App.3d at p. 199.) The court stated: "Thus, although a condition of probation may be imposed that the defendant make restitution without an express finding of ability to pay, probation may not be revoked without such a finding." (Ibid.)
(1b) By its language, section 1203.2 does not direct the trial court to make express findings of willful failure to pay and ability to pay. But it requires the court to make such a determination. In construing the statute we must defer to the usual, ordinary import of the language employed; if the words of the statute are clear, we should not add to or alter them. (California Teachers Assn. v. San Diego Community College Dist. (1981) 28 Cal.3d 692, 698 [170 Cal. Rptr. 817, 621 P.2d 856].) We "`"must follow the language used and give to it its plain meaning...."' [Citation.]" (People v. Weidert (1985) 39 Cal.3d 836, 843 [218 Cal. Rptr. 57, 705 P.2d 380].)
The language of the statute at issue is sufficiently clear so that "its plain meaning should be followed." (See Great Lakes Properties, Inc. v. City of El Segundo (1977) 19 Cal.3d 152, 155 [137 Cal. Rptr. 154, 561 P.2d 244].) For the statute to have any meaning and efficacy, in exercising its discretion the court must in some manner indicate it has considered the defendant probationer's willful failure to pay and ability to pay restitution and made a determination thereon. Although it need not recite any talismanic words or outline in detail all relevant factors it has considered in making its determination, the trial court must make apparent on the record, prior to exercising its discretion, that it has considered and weighed relevant factors in making the determinations required by the statute, just as the court would be compelled to do when, for example, it determines the admissibility of evidence. (See People v. Garrett (1987) 195 Cal. App.3d 795, 801 [241 Cal. Rptr. 10] and People v. Johnson (1987) 193 Cal. App.3d 1570, 1575-1577 [239 Cal. Rptr. 190] [exercise of discretion pursuant to Evid. Code, § 352].)
In view of the serious consequences of probation revocation, this view of the statute seems reasonable. If, as the statute dictates, a defendant should not be incarcerated for failure to make restitution when she lacks the requisite financial ability, the court should indicate in some manner its *419 reasoning when it revokes probation and imposes a prison sentence. Such a requirement is consistent with the concerns expressed by Ryan, supra, 203 Cal. App.3d at page 199.

II
(3) Defendant also contends she was denied her due process rights to notice and an opportunity to be heard when the trial court permitted the prosecution to amend the petition to include an additional violation of probation.
As the People acknowledge, the probationer is entitled to written notice of the alleged violations of probation, disclosure of the evidence against the probationer and an opportunity to respond to the charges. (Black v. Romano (1985) 471 U.S. 606, 611-612 [85 L.Ed.2d 636, 642-643, 105 S.Ct. 2254]; People v. Mosley (1988) 198 Cal. App.3d 1167, 1173 [244 Cal. Rptr. 264].) Accordingly, the trial court erred in permitting the amendment without affording defendant the procedural safeguards required above. It is therefore unnecessary to address defendant's challenge to the sufficiency of the evidence for the court's finding that she violated the checking account prohibition.

III
The only ground remaining to support the revocation, the failure to report, is not challenged by defendant. Although the court might, in the exercise of its broad discretion, revoke probation and impose a prison sentence based on that ground alone, on this record we cannot conclude the court would have sentenced defendant to state prison for the middle term based solely on her failure to report. Accordingly, we shall remand for resentencing.[3]

DISPOSITION
The judgment is reversed and the cause remanded for resentencing.
Blease, Acting P.J., concurred.
SCOTLAND, J., Concurring and Dissenting.
I disagree with parts I and III of the majority opinion.[1]
*420 The majority mistakenly conclude that, before probation may be revoked for failure to pay restitution, the trial court must make, on the record, express factual findings that the probationer had the ability to pay and willfully failed to do so. In so holding, the majority abandon the time-tested method of appellate review of factual determinations in criminal cases.
Even in the most serious criminal matters, appellate courts do not require a trier of fact to place its intermediate factual determinations expressly on the record. Rather, the fact finder is permitted to announce a general verdict. (Pen. Code, §§ 1151, 1167; further statutory references are to this code unless otherwise specified.) On appeal, the reviewing court must presume in support of the judgment the existence of every fact the trier of fact reasonably could deduce from the evidence. (People v. Johnson (1980) 26 Cal.3d 557, 576 [162 Cal. Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) The appellate court's inquiry is confined to whether the facts presumedly found are sufficient to support the judgment. (Ibid.)
The majority depart from this venerable rule by confusing the trial court's role as a fact finder in a probation revocation proceeding with the trial court's subsequent duty to exercise discretion in determining whether to revoke probation after it has made the factual determination that the terms of probation have been violated. (See People v. Coleman (1975) 13 Cal.3d 867, 895, fn. 22 [120 Cal. Rptr. 384, 533 P.2d 1024].)
Section 1203.2 provides in pertinent part that "probation shall not be revoked for failure of a person to make restitution ... as a condition of probation unless the court determines that the defendant has willfully failed to pay and has the ability to pay." As the majority correctly note: "By its language, section 1203.2 does not direct the trial court to make express findings of willful failure to pay and ability to pay." Rather, it merely "requires the court to make such a determination." (Maj. opn., ante, at p. 418.)
Since there is nothing in the record to suggest otherwise, we must presume the trial court was aware of its duty to determine defendant's ability and willful failure to pay restitution. "Evidence Code section 664 provides that `[i]t is presumed that official duty has been regularly performed' and scores of appellate decisions, relying on this provision, have held that `in the absence of any contrary evidence, we are entitled to presume that the trial court ... properly followed established law.'" (Ross v. Superior Court (1977) 19 Cal.3d 899, 913 [141 Cal. Rptr. 133, 569 P.2d 727], quoting Serrano v. Workmen's Comp. Appeals Bd. (1971) 16 Cal. App.3d 787, 790-791 [94 Cal. Rptr. 511].)
*421 Whether defendant had the ability to pay restitution and willfully failed to do so were exclusively questions of fact to be decided on the basis of the evidence presented to the trial court. Affirmative findings on these questions of fact were prerequisites to a determination that defendant violated the terms of her probation. (§ 1203.2, subd. (a).) Thus, the trial court's finding that defendant violated probation was the equivalent of a general verdict determining that defendant had the ability to pay court-ordered restitution and willfully failed to do so.
If the evidence did not establish both facts, the trial court would have had no authority to "go on to decide whether under all the circumstances [defendant's failure to pay restitution] warrant[ed] revocation." (Coleman, supra, 13 Cal.3d at p. 895, fn. 22.) Stated another way, in the absence of factual findings that defendant had the ability to pay restitution and willfully failed to do so, the court had no authority to exercise its discretion to determine whether the "interests of justice ... require[d]" revocation of defendant's probation. (§ 1203.2, subd. (a).)
Accordingly, the majority err in concluding that ability to pay and willful failure to pay restitution are factors for the trial court to consider in exercising its discretion whether to revoke probation. (Maj. opn., ante, at p. 418.) As previously noted, the trial court's exercise of discretion whether to revoke probation did not commence until after the court made the factual findings that defendant had the ability and willfully failed to pay restitution, thereby violating her probation. (Coleman, supra, 13 Cal.3d at p. 895, fn. 22.)
For this reason, the majority's reliance on cases[2] requiring a trial court to affirmatively reflect on the record its exercise of discretion to exclude evidence pursuant to Evidence Code section 352[3] is misplaced. The purpose of this rule is "to furnish the appellate courts with the record necessary for meaningful review of any ensuing claim of abuse of discretion; ..." (People v. Green (1980) 27 Cal.3d 1, 25 [164 Cal. Rptr. 1, 609 P.2d 468].) Absent the record required by Green, a reviewing court may be unable to determine the means by which the trial court arrived at its decision and, thus, would be unable to decide whether the trial court abused its discretion in reaching that decision.
Appellate review of factual determinations made prior to the trial court's exercise of discretion whether to revoke probation poses no similar problem *422 because the appellate court presumes that the fact finder arrived at its decision by evaluating the evidence in the record. (People v. Johnson, supra, 26 Cal.3d at p. 576.) Because appellate courts routinely indulge in this presumption and review records to determine whether trier of fact determinations are supported by substantial evidence, we do not require the jury, or the court in a court trial, to disclose its reasoning en route to its return of a general verdict. (§§ 1151, 1167; see 6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Judgment and Attack in Trial Court, §§ 3029, 3054, pp. 3745-3746, 3779.) Reviewing courts do not even require an on-the-record demonstration that the fact finder has "considered and weighed" (maj. opn., ante, at p. 418) intermediate factual questions. (Compare Evid. Code, § 402 [where the existence of a preliminary fact is disputed, the trial court shall hear and "determine" the question of admissibility of evidence; a ruling on the admissibility of evidence "implies whatever finding of fact is prerequisite thereto"]; see also People v. Williams (1988) 45 Cal.3d 1268, 1301 [248 Cal.Rptr 834, 756 P.2d 221] [factual determinations necessary to a section 1538.5 motion are reviewed under the substantial-evidence test].)
Because the issues of ability and willful failure to pay relate to the factual determination whether defendant violated her probation, rather than to whether, in the trial court's discretion, the interests of justice require revocation, I am unpersuaded by the dicta of People v. Ryan (1988) 203 Cal. App.3d 189, 199 [249 Cal. Rptr. 750], which the majority cite for the proposition that the trial court must make an express finding that a probationer has the ability to pay restitution before it can revoke probation for the failure to pay same.
Unlike the majority, I find nothing in the language of section 1203.2 which compels a trial court to make express findings concerning a probationer's ability and willful failure to pay court-ordered restitution. (Cf. People v. Angus (1980) 114 Cal. App.3d 973, 986 [171 Cal. Rptr. 5] [§ 1203.2 does not require the trial court to expressly find that "the interests of justice so require" revocation of probation].) The statute does not direct the trial court to make such findings on the record and, as a matter of statutory interpretation, they are not necessary to give section 1203.2 "meaning and efficacy." (Maj. opn., ante, at p. 418.) This objective may be accomplished by (1) presuming, as we must in the absence of evidence to the contrary, that the trial court followed the law and considered whether the probationer had the ability and willfully failed to pay restitution, and (2) reviewing the evidence to determine whether it is sufficient to support the trial court's implied findings. Had it believed this traditional mode of appellate review to be insufficient to effectuate the statute, the Legislature could have required trial courts to make express findings of fact before revoking probation for failure to pay court-ordered restitution. I decline to write into the statute a *423 requirement which has not been imposed by the Legislature and which is unnecessary for meaningful appellate review. (Code Civ. Proc., § 1858 ["In the construction of a statute ... the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; ..." (Italics added.)])
In my view, the sole question before this court is whether the evidence supports the trial court's implied finding that defendant had the ability to pay restitution and willfully failed to do so. (See Johnson, supra, 26 Cal.3d at p. 576.) I conclude it does.
Evidence at the probation revocation hearing established that defendant had a monthly income of $673. The court-ordered restitution of $60 per month constituted less than 10 percent of her income. Yet, after having been released from custody in January 1988, defendant managed to make just one $30 restitution payment in September 1988, one $15 payment in November 1988, and one $40 payment in March 1989. These payments totaled less than 1 percent of her income during the 15-month period. Defendant did not claim she was unable to pay restitution because her income was consumed by the cost of food and rent. In fact, she told the probation office that she pays no rent and has no basic food expenses; she "helps load and unload trailers, does cooking, laundry, building fences, etc., for her room and board." Rather, she testified she was "financially in the hole" because of other debts and the fact that her boyfriend took her money. According to the supplemental probation report, defendant owes $5,400 in other debts, including a loan for a pickup truck in the amount of $3,500. Defendant told her probation officer that she "has too much invested in the pickup to let it go." However, defendant's desire to preserve this asset is no excuse for failing to make restitution. Although she claimed her boyfriend absconded with some of her money, the only month for which she furnished any details was April 1989, when he took $520. No specific evidence suggested that the boyfriend's activities prevented her from making the required payments during the previous 15 months.
From the evidence, the trial court reasonably could conclude that defendant had the ability to pay restitution of $60 per month, and that her devotion of less than 1 percent of her income to that purpose during a 15-month period had been willful. Thus, the trial court's section 1203.2 determinations are supported by substantial evidence.
Because the trial court's implied findings regarding defendant's failure to pay restitution and her failure to report to the probation department are supported by substantial evidence, I would hold that the erroneous *424 amendment of the petition to add a third allegation of probation violation was harmless beyond a reasonable doubt. (Chapman v. California (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065].) Finding no abuse of discretion in sentencing, I would affirm the judgment.
A petition for a rehearing was denied September 13, 1991, and respondent's petition for review by the Supreme Court was denied November 14, 1991.
NOTES
[1] A probation revocation hearing was held during which the court permitted the prosecution to amend the petition to allege violation of the condition of not maintaining a bank account.
[2] Further statutory references to sections of an undesignated code are to the Penal Code.
[3] In light of our disposition, we need not consider defendant's claim of sentencing error.
[1] I concur in part II, which correctly holds that the trial court erroneously permitted the prosecution to amend the revocation petition at the hearing without affording proper notice to defendant.
[2] (People v. Garrett (1987) 195 Cal. App.3d 795, 801 [241 Cal. Rptr. 10]; People v. Johnson (1987) 193 Cal. App.3d 1570, 1575 [239 Cal. Rptr. 190].)
[3] Evidence Code section 352 provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."