[No. E010530. Fourth Dist., Div. Two. June 11, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
STANLEY FLOYD TRIPLETT, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts A., B.2., C., and D.

COUNSEL

Carolyn Chapman for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Holly D. Wilkens and David Delgado-Rucci, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

McKINSTER, J.—After being convicted of possessing methamphetamine for sale (Health & Saf. Code, § 11378), the defendant appeals. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Acting on a tip from a confidential informant, Officer Hatfield of the Cathedral City police applied for and obtained a warrant for the search of the defendant's apartment. When the warrant was executed on May 22, 1989, the police found: methamphetamine in the bedroom in a false electrical outlet (1 gram), in a brown vial (0.62 gram), in a plastic bag in an envelope (0.95 gram), and in a light fixture (57.13 grams); mail and bank statements addressed to the defendant at that address; bank books for accounts in the name of the defendant; pay-owe sheets reflecting sales in excess of $96,000; a scale and a vial funnel in a locked gun safe in the bedroom closet; small plastic bags; and four rifles, a carbine, a shotgun, and some ammunition, also locked in the safe.

At the defendant's preliminary hearing, he moved to suppress the evidence seized from his apartment, on the ground that the affidavit upon which

the search warrant was issued failed to show probable cause. (Pen. Code, § 1538.5.) That motion was denied.

The information charged the defendant with possessing methamphetamine for purposes of sale, in violation of Health and Safety Code section 11378, and alleged that he possessed at least 28.5 grams of methamphetamine or 57 grams of a substance containing methamphetamine, rendering him ineligible for probation (Pen. Code, § 1203.073, subd. (b)(2)). He pleaded not guilty. He renewed his suppression motion in superior court, and it was again denied. After a jury trial, he was found guilty as charged and the special allegation was found true.

## CONTENTIONS

The defendant contends that his suppression motion should have been granted; that the trial court erred in admitting evidence of the defendant's guns and of the pay-owe sheets; and that the trial court should have granted a mistrial because of prosecutorial misconduct.

## DISCUSSION

A.  *The Affidavit Is Sufficient to Support the Magistrate's Finding of Probable Cause.**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

B.  *The Trial Court Did Not Abuse Its Discretion In Admitting Evidence of the Firearms.*

■   The defendant contends that the trial court abused its discretion in denying his motion to exclude evidence of the firearms on the basis of Evidence Code section 352, because the record fails to reveal that the trial court weighed the potential prejudice of that evidence against its probative value.[1] We disagree.

1.  *When an Objection Is Raised Pursuant to Evidence Code Section 352, the Record Must Show That the Trial Court Weighed the Probative Value of That Evidence Against Its Potentially Prejudicial Effect.*

Section 352 provides in relevant part: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the

---

*See footnote, *ante,* page 624.

[1]The heading for this portion of the defendant's brief also asserts that the trial court erred by admitting evidence of the defendant's financial status over the defendant's objection. However, that heading appears to be mistaken, since that issue is not addressed in the text of the defendant's argument.

probability that its admission will . . . create substantial danger of undue prejudice . . . ." "[O]n a motion invoking this ground the record must affirmatively show that the trial judge did in fact weigh prejudice against probative value . . . ." (*People* v. *Green* (1980) 27 Cal.3d 1, 25 [164 Cal.Rptr. 1, 609 P.2d 468], overruled on another ground in *People* v. *Guiton* (1993) 4 Cal.4th 1116, 1128-1129 [17 Cal.Rptr.2d 365, 847 P.2d 45].) Such a showing is necessary "to furnish the appellate courts with the record necessary for meaningful review of any ensuing claim of abuse of discretion" and to " 'promote judicial deliberation before judicial action' " and thereby ensure "that the ruling on the motion 'be the product of a mature and careful reflection on the part of the judge' . . . ." (*Green, supra,* at p. 25.) Violating the rule—i.e., admitting the challenged evidence "without making an explicit determination that this risk of undue prejudice did not substantially outweigh the probative value of the evidence"—is error. (*Id.,* at p. 26.)

Subsequent Supreme Court cases have not been consistent in their interpretation of *Green*'s references to an "affirmative" showing and "an explicit determination." Some have required the trial judge to expressly state that he or she weighed prejudice against probative value, while others have said that no such requirement exists.

For instance, in *People* v. *Holt* (1984) 37 Cal.3d 436, 453 [208 Cal.Rptr. 547, 690 P.2d 1207], although the court stated that the evaluation of the countervailing factors need not be conducted on the record, it suggested that, at minimum, the trial court should recite "that its conclusion was the result of a weighing process." Usually, the statement is more affirmative, e.g., that section 352 "requires an express finding that the probative value of evidence sought to be introduced outweighs its potential prejudicial effect." (*People* v. *Ainsworth* (1988) 45 Cal.3d 984, 1007 [248 Cal.Rptr. 568, 755 P.2d 1017], fn. omitted; accord, *People* v. *Anderson* (1990) 52 Cal.3d 453, 477 [276 Cal.Rptr. 356, 801 P.2d 1107] ["an express ruling weighing relevance and prejudice"]; *People* v. *Frank* (1985) 38 Cal.3d 711, 732 [214 Cal.Rptr. 801, 700 P.2d 415] ["explicit finding"]; and *People* v. *Armendariz* (1984) 37 Cal.3d 573, 588-589 [209 Cal.Rptr. 664, 693 P.2d 243] ["rule explicitly," "on-the-record determination"].) The strongest statement appears in *People* v. *Farmer* (1989) 47 Cal.3d 888, 906 [254 Cal.Rptr. 508, 765 P.2d 940]: "The weighing must be made explicit in the record. [Citations.] Silence in the record does not allow the inference that the court understood and performed its duty; the court must affirmatively articulate the fact that it has weighed probative value against prejudice."

On the other hand, in *People* v. *Mickey* (1991) 54 Cal.3d 612 [286 Cal.Rptr. 801, 818 P.2d 84], without overruling, distinguishing, or even

referring to any of the cases just cited, the Supreme Court stated without further discussion: "Certainly, the trial judge need not expressly weigh prejudice against probative value—or even expressly state that he has done so [citation]." (*Id.*, at p. 656, citing only *People* v. *Johnson* (1987) 193 Cal.App.3d 1570, 1576 [239 Cal.Rptr. 190].) *Johnson*, in turn, relies on *People* v. *Montiel* (1985) 39 Cal.3d 910, in which the record indicated only that the judge had expressly referred to his discretion, had looked at the evidence to be excluded, had listened to argument from the moving party that the evidence was unnecessary and prejudicial, and then had stated simply, "motion denied." (*Id.*, at p. 924.) That record was deemed to have adequately shown "that the trial court understood and undertook its obligation to perform the weighing function prescribed by Evidence Code section 352," at least for a "pre-*Green* trial . . . ." (*Ibid.*)

In *Mickey*, *supra*, there was no express acknowledgement by the trial court regarding the discretionary nature of the decision before it. The record reflected only that, prior to denying the motion to exclude, the trial court had looked at the evidence in question, had listened to argument on the issue of whether that evidence was more prejudicial than probative, and had excluded some of the challenged evidence with the People's consent. (54 Cal.3d at p. 655.) Nevertheless, the Supreme Court concluded that the record was sufficient. (*Id.*, at p. 656.) Similarly, the court has found records to be sufficient in which the parties briefed and argued the issue of prejudice and the court made remarks which "imply a consideration of prejudicial effect" (*People* v. *Sully* (1991) 53 Cal.3d 1195, 1225 [283 Cal.Rptr. 144, 812 P.2d 163]), in which there was extensive discussion between the court and counsel concerning the weighing process (*People* v. *Ramirez* (1990) 50 Cal.3d 1158, 1190, fn. 19 [270 Cal.Rptr. 286, 791 P.2d 965], overruled on another ground in *People* v. *Saille* (1991) 54 Cal.3d 1103, 1118-1120 [2 Cal.Rptr.2d 364, 820 P.2d 588]), and in which the trial court excluded some of the evidence when there could have been no other reason to do so (*People* v. *Thompson* (1990) 50 Cal.3d 134, 183 [266 Cal.Rptr. 309, 785 P.2d 857]).

In attempting to reconcile these two contrary lines of authority, we note that *Mickey* is the most recent of the cases cited, and that *Mickey* has subsequently been followed without question in *People* v. *Clair* (1992) 2 Cal.4th 629, 660 [7 Cal.Rptr.2d 564, 828 P.2d 705], and *People* v. *Raley* (1992) 2 Cal.4th 870, 895 [8 Cal.Rptr.2d 678, 830 P.2d 712]. We also find significance in the fact that *Mickey* was written by Justice Mosk, the author of the contrary rules in both *Frank* and *Farmer*. We conclude, therefore, that *Mickey* accurately reflects the current rule, i.e., that a trial court need not expressly state that its ruling is based on a weighing of prejudice against probative value so long as the record otherwise shows "that the trial court

understood and undertook its obligation to perform the weighing function prescribed by Evidence Code section 352." (*Montiel, supra,* 39 Cal.3d at p. 924.)

    2.  *The Record Sufficiently Shows That the Trial Court Weighed Potential Prejudice Against Probative Value.\**

. . . . . . . . . . . . . . . . . . . . . . . . .

C., D.\*

. . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Dabney, Acting P. J., and Timlin, J., concurred.

---

\*See footnote, *ante,* page 624.