[No. H008351. Sixth Dist. Dec. 17, 1991.]

In re THOMAS R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
THOMAS R., Defendant and Appellant.

740

COUNSEL

Shoko Tanida Michael, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald S. Matthias and Jeremy Friedlander, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PREMO, J.—Twelve-year-old Thomas R. appeals from a judgment declaring him to be a ward of the juvenile court, contending that the court's restitution order is ambiguous and that reversal and remand for imposition of an order specifying the amount to be paid to the victim are needed. The People originally agreed that the trial court should have set the amount of restitution and had "no objection to this Court ordering a remand for that purpose." However, in response to a query by this court, they now contend that the appeal is premature. We agree and dismiss.

FACTS

On March 22, 1991, appellant entered a plea of no contest to a petition alleging that he came within the provisions of Welfare and Institutions Code section 602[1] because of a violation of Penal Code section 288, subdivision (a). However, appellant contested the issue whether he knew the wrongfulness of his conduct. (Pen. Code, § 26.) There was a court trial, and the court sustained the petition.

The court placed appellant on probation and stated a number of conditions. The court also ordered appellant to pay restitution to the victim, but did not identify the losses to which restitution pertained or specify the total amount or terms of payment. The court ordered that these were to be worked out among appellant, the probation officer, and the victim's parents. If they could not reach agreement, appellant would have a right to a hearing. The court also ordered appellant to pay a restitution fine of $150, but stayed it pending completion of probation. This appeal ensued.

DISCUSSION

Appellant contends and the Attorney General agreed that the court's order was defective because it failed to set the amount of restitution.

---

[1]Further statutory references are to the Welfare and Institutions Code unless otherwise stated.

However, because the amount of restitution had not been determined by the probation officer and ordered by the trial court, this court inquired whether the appeal was premature. In a similar case, an appellate court stated: "the [March] judgment in effect was not a final judgment until the details of the restitution were supplied by [the October] order." (*People* v. *Vournazos* (1988) 198 Cal.App.3d 948, 953 [244 Cal.Rptr. 82].)

Respondent agrees that the appeal was premature. Appellant does not. He contends that "the juvenile court's delegation to the probation officer of the power to determine the amount and manner of restitution to be made to the victim as a condition of probation *was improper because it was unauthorized by statute*." (Italics appellant's.) He insists that the order must be specific at the time it is issued. For reasons stated within, we disagree with appellant.

Appellant contends that section 729.6 grants discretion to determine the amount of restitution to the court and not to the probation officer.[2] Therefore, since the section "sets the statutory parameters within which the sentencing court must operate, . . . imposition of a condition of probation not authorized by the statute is an act outside of the court's power and hence an act in excess of jurisdiction. [Citations.] Generally speaking, an act in excess of jurisdiction is void and cannot be ratified by consent, waiver, or estoppel. [Citation.]" (*People* v. *Kiddoo* (1990) 225 Cal.App.3d 922, 926 [275 Cal.Rptr. 298].)

As authority for the proposition that a restitution order which fails to identify the victim's losses and specify the exact amount of the crime is too vague, appellant relies on this court's opinion in *People* v. *Frey* (1989) 209 Cal.App.3d 139 [256 Cal.Rptr. 810]. We stated that ordering restitution

[2]Section 729.6 provides: "(a) If a minor is found to be a person described in Section 602, the court shall require as a condition of probation, that the minor make restitution as follows: [¶] (1) To the victim, if the crime involved a victim. . . . [¶] [] [(2)] (d) For purposes of paragraph (1) of subdivision (a), 'restitution' means full or partial payment for the value of stolen or damaged property, medical expenses, and wages or profits lost due to injury or to time spent as a witness or in assisting the police or prosecution, which losses were caused by the minor as a result of committing the offense for which he or she was found to be a person described in Section 602. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible. Restitution collected pursuant to this section shall be credited to any other judgments obtained by the victim against the minor arising out of the offense for which the minor was found to be a person described in Section 602. [¶] [] (f) Nothing in this section shall be construed to limit the authority of the court to grant or deny probation or provide conditions of probation."

in an amount "not to exceed $10,000" was "wholly ambiguous and . . . violated the requirements of [Government Code] section 13967, subdivision (c)." (*Id.* at p. 142.)

Section 729.6 does not contain language similar to that of Government Code section 13967, subdivision (c), to the effect that the restitution order must identify the losses to which it pertains. Nevertheless, appellant concludes that since another section of the Welfare and Institutions Code (§ 731.1, pertaining to minors committed to the Youth Authority) does require such specificity when restitution is ordered to be paid to the victim, the reasoning in *Frey* should also apply to the instant case.

Numerous statutes provide for restitution to victims. Both adults and juveniles who are denied probation and are committed to a state facility (prison or the Youth Authority) must be ordered to make restitution directly to a victim who has suffered an economic loss. (Gov. Code, § 13967, subd. (c); § 731.1.) Both statutes require the sentencing court to identify the losses and specify the amount of restitution.

Adults who are granted probation *may* also be ordered to pay restitution directly to the victim (Pen. Code, §§ 1203.1, 1203.1k), and juveniles who are adjudicated wards of the court *must* be ordered to pay restitution as a condition of probation (§ 729.6).

Neither section 729.6 nor Penal Code section 1203.1k requires the court to identify the losses and specify the amount in the restitution order. However, Penal Code section 1203.1k contains language, not in section 729.6, which authorizes a court, with the defendant's consent, to "order the probation officer to set the amount of restitution and the manner in which restitution is to be made to the victim. The defendant shall have the right to a hearing before the judge to dispute the determinations made by the probation officer . . . ."

Finally, restitution as determined by a probation officer may be required from a juvenile who has been placed on voluntary informal probation (§ 654) in lieu of facing formal charges.

In approving this practice, which our Supreme Court found authorized by the joint operation of section 654 and sections 729 through 731 (*Charles S. v. Superior Court* (1982) 32 Cal.3d 741, 747 [187 Cal.Rptr. 144, 653 P.2d 648] the court explained: "[Section 654] by its terms requires the consent of the minor and his parents to the program designed by the probation officer, and if there are differences, consent may be withheld. The right to withhold

consent coupled with the juvenile court's power, after the matter is referred to it, to dismiss court proceedings and order informal probation provide an effective safeguard against arbitrary decision of the probation officer." (*Id.* at p. 749.)

The same protections, the probationer's right to withhold consent and the court's power to countermand, also limit the grant of authority to the adult probation officer in Penal Code section 1203.1k.

We think these protections are also inherent in orders under section 729.6, which, in the instant case, the trial court recognized by making them specific. First, both an adult who is placed on probation and ordered to pay restitution pursuant to Penal Code section 1203.1k and a ward of the juvenile court, also placed on probation and ordered to pay restitution under section 729.6, remain under the jurisdiction of the court. The supervisory officer, the probation officer, must act in accordance with the court's orders. (§ 280.)

Next, the parameters of the probation officer's discretion are set forth by the statute. Section 729.6, subdivision (d), defines precisely the elements constituting restitution for purposes of subdivision (a)(1).[3] In addition, as the trial court ordered here, the probationer has the right to withhold consent to the probation officer's program and return to the court for resolution of the conflict. Since the juvenile court has the power to make the final determination, there is "an effective safeguard against arbitrary decision of the probation officer." (*Charles S.* v. *Superior Court, supra,* 32 Cal.3d at p. 749.)

The juvenile court is in effect merely delegating to the probation officer the ministerial function of arriving at a stipulated level of restitution with the minor, his parents, and his attorney. If no agreement is reached, the matter is simply returned to court for adjudication.

Consequently, we determine that the court had the authority to make the order which appellant contests, and since the order regarding restitution is not final (respondent informs us that no determination was made about restitution and there have been no further hearings on the issue), this appeal is premature.

---

[3]Subdivision (d) of section 729.6, defines restitution as: "full or partial payment for the value of stolen or damaged property, medical expenses, and wages or profits lost due to injury or to time spent as a witness or in assisting the police or prosecution, which losses were caused by the minor as a result of committing the offense for which he or she was found to be a person described in Section 602."

## DISPOSITION

The appeal is dismissed.

Capaccioli, Acting P. J., and Cottle, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 11, 1992.