[No. G011270. Fourth Dist., Div. Three. Apr. 29, 1992.]

In re JOSHUA R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOSHUA R., Defendant and Appellant.

COUNSEL

Douglas J. Pettibone, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Keith I. Motley and Steven H. Zeigen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CROSBY, J.—A Welfare and Institutions Code section 602 petition alleged Joshua R. maliciously inflicted less than $1,000 in damage to property belonging to another and tampered with a motor vehicle. Both counts were sustained. ■ The minor contends the juvenile court improperly delegated the task of determining the amount of restitution to the probation officer. We agree and modify the probation order accordingly.

Welfare and Institutions Code section 729.6, subdivision (a)(1) provides, "the court shall require . . . that the minor make restitution . . . [¶] [t]o the victim." But it is well settled that the court may not simply delegate the determination of the amount to the probation officer. (See *People* v. *Cervantes* (1984) 154 Cal.App.3d 353, 361 [201 Cal.Rptr. 187].)[1] Here, the minute order requires the minor to "make restitution to [the] victim pursuant

---

[1] The Legislature added Penal Code section 1203.1k in response to *Cervantes*. It reads in pertinent part, "the court may order the specific amount of restitution and the manner in which restitution shall be made to a victim based on the probation officer's report or it may, *with the consent of the defendant*, order the probation officer to set the amount of restitution and the manner in which restitution shall be made to the victim. The defendant shall have the right to

to [section] 729.6(a)(1) of W & I Code . . . in [an] amount and manner *as directed by probation officer.*" (Italics added.) This was error.

The amount of restitution is for the court to decide unless the minor consents to a delegation of this function to the probation officer in the first instance. Nothing in the record suggests Joshua ever consented to such an arrangement.[2]

The vehicle's owner testified she obtained two repair estimates for the damage, one for $511, the other for $516. As a practical matter, the amount awarded as restitution to the victim would be the lower of the two sums. Neither the court nor the probation officer would be likely to select a different amount. Still, under Penal Code section 1203.1k, the minor was entitled to have the juvenile court set the restitution sum.

We note our colleagues in the Sixth District recently reached different results in two opinions, *In re Paul D.*▮ (Cal.App.) and *In re Thomas R.* (1991) 2 Cal.App.4th 738 [3 Cal.Rptr.2d 499]. In *Paul D.* the probation officer's report indicated the victim requested restitution in a particular amount, but no documentation supported the figure. Without further information on the subject, the court simply ordered the minor to pay restitution in a sum not to exceed the amount requested: " 'The exact amount is going to be determined by the probation officer. Th[e] [amount asked for] sounds high enough that I want that verified.' "

The appellate court observed that in the case of an adult defendant granted probation, the trial court " 'may . . . order the probation officer to set the amount of restitution and the manner in which restitution is to be made to a victim. The defendant shall have the right to a hearing before the judge to dispute the determinations made by the probation officer . . . .' (Pen. Code, § 1203.1k.)" (*In re Paul D.*▮ (Cal.App.).) The panel concluded the juvenile court could make a similar order: "The fact that the probationer has a right to withhold consent, and the fact that the court has the power to countermand,

---

a hearing before the judge to dispute the determinations made by the probation officer in regard to the amount or manner in which restitution is to be made to the victim." (See *People v. Ryan* (1988) 203 Cal.App.3d 189, 195 [249 Cal.Rptr. 750], disapproved on another point in *People v. Cookson* (1991) 54 Cal.3d 1091, 1096 [2 Cal.Rptr.2d 176, 820 P.2d 278]; italics added.)

[2]The minor did not have to object to the restitution term in order to challenge it on appeal. (*People v. Kiddoo* (1990) 225 Cal.App.3d 922, 925 [275 Cal.Rptr. 298] ["acceptance of probationary conditions does not operate as a waiver of, or consent to, any fundamental error in the imposition of such conditions"].) Nor do we find *People v. Keele* (1986) 178 Cal.App.3d 701 [224 Cal.Rptr. 32] convincing. There, "defendant . . . had a lengthy hearing" on "the amount and manner of payment [of restitution]." (*Id.* at p. 707.)

provide effective safeguards against arbitrary decision by the probation officer." (*Ibid.*) But nowhere in the opinion is there an indication that the minor consented.[3]

Four months earlier, a different panel of the same court issued *In re Thomas R.*, *supra*, 2 Cal.App.4th 738. There, the Court of Appeal held, "[B]oth an adult who is placed on probation and ordered to pay restitution pursuant to Penal Code section 1203.1k and a ward of the juvenile court . . . ordered to pay restitution under 729.6[ ] remain under the jurisdiction of the court. The supervisory officer, the probation officer, must act in accordance with the court's orders. . . . [¶] The juvenile court is in effect merely delegating to the probation officer the ministerial function of arriving at a stipulated level of restitution with the minor, his parents, and his attorney. If no agreement is reached, the matter is simply returned to the court for adjudication." (*Id.* at p. 743.)

As a practical matter, we agree with the *Paul D.* and *Thomas R.* results, but must decline to follow them. Penal Code section 1203.1k requires defendant's *consent* to the delegation of authority to the probation officer to determine the sum to be paid, subject to judicial review. Both opinions effectively read this requirement out of the statute.

The probation order is modified to reflect that the court, and not the probation officer, shall determine the amount and manner of restitution. In all other respects, the judgment is affirmed.

Sills, P. J., and Sonenshine, J., concurred.

---

[3] The Sixth District apparently interprets Penal Code section 1203.1k to link the consent to the figure set by the probation officer. The statute might profitably be amended to so provide. But as presently written, the consent language relates to the delegation of authority to determine the amount of restitution in the first instance.